**THE SALFEN LAW FIRM**
A PROFESSIONAL LAW CORPORATION
CODY B.K. SALFEN, ESQ. (SBN 309228)
111 N. Market Street, Suite 300
San Jose, CA 95113
Telephone:     (408) 724-9996
Fax:              (877) 516-4189
Email:           Cody@SalfenLaw.com

**THE GORDON LAW GROUP**
SAMUEL J. GORDON, ESQ. (SBN 305045)
1885 The Alameda, Suite 210
San Jose, CA 95126
Telephone:     (408) 286-1351
Fax:              (408) 503-0954
Email:           SamuelGordonEsq@gmail.com

*Attorneys for Plaintiff, Gustavo Alvarez*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(San Jose Division)**

| | |
|---|---|
| GUSTAVO ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO, CITY OF PALO ALTO POLICE DEPARTMENT, PALO ALTO POLICE CHIEF ROBERT JONSEN, PALO ALTO POLICE SGT. WAYNE BENITEZ, PALO ALTO POLICE OFFICER CHRISTOPHER CONDE, PALO ALTO POLICE AGENT THOMAS ALAN DESTEFANO JR., PALO ALTO POLICE OFFICER MATTHEW HUBBARD, PALO ALTO POLICE OFFICER JOHNSON (#7745), and DOES 1-70, JOINTLY AND | Case No.<br><br>COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS<br><br>JURY TRIAL DEMANDED |

1

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

SEVERALLY,

Defendants.

## INTRODUCTION

1.    On February 17, 2018, Plaintiff GUSTAVO ALVAREZ (hereinafter, "Plaintiff" or "ALVAREZ") was unlawfully detained, beaten, assaulted, battered, injured, searched, threatened, denied medical care, and arrested by Palo Alto Police officers. **Unbeknownst to the officers, their actions were captured on ALVAREZ's home surveillance camera (audio and video)**, a camera which ALVAREZ installed due to prior, repeated, and ongoing harassment by the Palo Alto Police Department. In additional to the injuries ALVAREZ sustained, the officers concealed information and evidence, damaged ALVAREZ's residence, concocted a criminal case against ALVAREZ, towed his vehicle, booked him into jail, and subsequently mischaracterized and lied about the incident so as to conceal the unlawful conduct by the police and in order to cause ALVAREZ to be prosecuted. The contact was initiated by Palo Alto Police Officer Christopher Conde when he detained ALVAREZ as ALVAREZ was on foot in the driveway of his residence/mobile home in a mobile home park in the City of Palo Alto. Officer Conde's claimed justification for the detention was that he observed ALVAREZ driving on a public roadway and due to Officer Conde's claim that he knew ALVAREZ's driver's license was suspended. It was later revealed that Officer Conde never actually observed ALVAREZ behind the wheel of a vehicle while it was in motion on the public roadway and Officer Conde did not even attempt to check ALVAREZ's drivers license status prior to initiating the detention (and therefore, Officer Conde did not know whether ALVAREZ's license was actually suspended when Officer Conde initiated the detention). Once Officer Conde initiated the contact/detention, Officer Conde asked for additional Palo Alto Police officers to respond to the scene (and they did). This included Palo Alto Police Officer Thomas Hubbard, Agent Thomas Alan

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

DeStefano Jr., Officer Johnson, and Officer Conde's patrol supervisor, Sergeant Wayne Benitez. Despite ALVAREZ's attempts to peacefully comply, the police officers proceeded to hold ALVAREZ at gunpoint, they yelled at him to "get the fuck out", they kicked in and damaged ALVAREZ's front door, they entered ALVAREZ's residence, they physically ripped ALVAREZ out of his home, they slammed ALVAREZ onto the front hood and windshield of ALVAREZ's parked vehicle (which was parked in the private driveway of ALVAREZ's residence, in the mobile home park where ALVAREZ resides), they proceeded to repeatedly threaten and assault ALVAREZ, they proceeded to enter ALVAREZ's home, and they searched ALVAREZ's person, home, and vehicle. Despite ALVAREZ's attempts to comply, the officers repeatedly assaulted and threatened ALVAREZ throughout the melee. This included, but was not limited to multiple physical assaults by SERGEANT BENITEZ, in the form of SERGEANT BENITEZ punching ALVAREZ in ALVAREZ's back (with a closed first) while ALVAREZ was face down on the hood of his vehicle and compliant (just after officers slammed him onto the hood). Further, while ALVAREZ was face down on the hood of his vehicle, compliant, and in response to ALVAREZ peacefully requesting that his father (who was inside the residence) record the interaction, SERGEANT BENITEZ responded by violently slapping ALVAREZ across the side of ALVAREZ's head/face SERGEANT BENITEZ simultaneously yelled at ALVAREZ to "shut up!" Further, after ALVAREZ was handcuffed (with both hands behind handcuffed and secured behind his back) and arrested, in a fit of rage, SERGEANT BENITEZ violently ripped the handcuffed and helpless ALVAREZ off the hood of ALVAREZ's vehicle and quickly slammed ALVAREZ face down onto the hood of the car, causing ALVAREZ's head and face to violently slam into the windshield and this action caused ALVAREZ's body to violently slam into the hood of the car. At the same time, SERGEANT BENITEZ yelled into ALVAREZ's ear, "So you think you're a tough guy, huh?!" As a result of this

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

unprovoked attack, ALVAREZ was bleeding from the mouth and his tooth was knocked loose. When ALVAREZ complained that he was bleeding, SERGEANT BENITEZ continued to threaten ALVAREZ and yelled "you're gonna be bleeding a whole lot more!" None of the other officers on scene intervened at any point so as to prevent these attacks. None of the other officers on scene documented these repeated threats and attacks on ALVAREZ. None of the officers on scene requested or summonsed medical care for the ailing ALAVREZ. None of the officers on scene reported the violent attacks through the proper channels and the officers who did generate reports failed to include any mention or reference to the threats and acts of violence perpetrated against ALVAREZ. While on scene and just after the attacks on ALVAREZ, In a *teaching moment*, SERGEANT BENITEZ then de-briefed the subordinate officers on scene and made repeated comments in support of the law enforcement attack and reinforcing this egregious conduct -- making comments such that included, but were not limited to the following: "See how much *they* behave when we put our foot down?", "See how quickly *they* behave once we put our foot down? And that's what we don't do enough of.", "Amazing how well behaved they become.", and "We put our foot down and they're all behaving themselves now." The officers towed ALVAREZ's vehicle and booked ALVAREZ into jail. This caused criminal proceedings to commence against ALVAREZ. During the pendency of the criminal proceedings against ALVAREZ, ALVAREZ filed a "motion to suppress" (pursuant to California Penal Code § 1538.5), challenging the *justification* offered by the police for the initial detention of ALVAREZ. OFFICER CONDE testified during the hearing on the motion to suppress and again made no mention of the threats and acts of violence perpetrated against ALVAREZ. The motion to suppress was granted by the presiding Superior Court judge, who held that the police lacked proper justification (i.e. lacked reasonable suspicion) to initiate the detention. Thereafter, all of the criminal charges against ALVAREZ were dismissed.

4

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

## NATURE OF THE ACTION

2.     This action is brought to redress the unlawful violations of Plaintiff Gustavo Alvarez's Civil Rights, including, but not limited to various rights as guaranteed to him under the United States Constitution, his right to be free from unlawful search and seizure, excessive force, his right to freedom of speech, as protected by 42 U.S.C. 1983 and the United States Constitution, and for associated state intentional tort claims and other state claims arising from a common set of operative facts.

## JURISDICTION

3.     This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12133, 28 U.S.C. §§ 1331, 1343, and 1367 and the statutory and common law of the State of California. Jurisdiction is based upon 28 U.S.C. § 1343 and 29 U.S.C.  794 and 706(8)(B), and the Court's pendent jurisdiction over the state claims.

4.     This Court has jurisdiction over this action as this is a matter dealing with Federal Statutes and Constitutional Provisions, and each of the individuals and/or entities listed as defendants reside, work, and/or can be found within Santa Clara County, California.

5.     The jurisdiction of this Court is predicated upon the fact that this Court has an interest in ensuring the rights of its citizens are protected and the events and rights involved in this action involve the application of federal law, including, but not limited to 42 U.S.C. 1983, et seq. and common law torts.

6.     Pursuant to 28 USC § 1331, this Court has jurisdiction over this matter because it alleges causes of action or claims arising out of the United States Constitution and the laws of the United

5

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

States, including but not limited to: 42 USC § 1983 and 1985. This Court has original jurisdiction pursuant to 28 U.S.C. § 1343(3). This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367.

## VENUE AND INTRADISTRICT ASSIGNMENT

7.      Venue is proper in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 84 and 1391.

8.      The events that gave rise to this complaint occurred in the City of Palo Alto, which is located in Santa Clara County in the State of California, and one or more of the defendants resides in Santa Clara County, California.

9.      Further, the acts or omissions alleged herein occurred in the Northern District of California and in and around the City of Palo Alto, County of Santa Clara, thereby providing for venue in the San Jose Division of this Court.

10.     Thus, assignment of this action to the San Jose Division of this Court is appropriate according to Local Rule 3-2(e).

## PARTIES

11.     Plaintiff **GUSTAVO ALVAREZ** (hereinafter, "Plaintiff" or "ALVAREZ") was at all material times a resident of the City of Palo Alto, County of Santa Clara, State of California.

12.     Defendant **CITY OF PALO ALTO** ("CITY") is a municipal corporation duly established and organized under the laws and constitution of the State of California. CITY is responsible for ensuring that Defendant **CITY OF PALO ALTO POLICE DEPARTMENT's** policies and practices do not violate individuals' substantive and procedural due process rights.

6

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

13.     Defendant **CITY OF PALO ALTO POLICE DEPARTMENT** ("PAPD") is a subdivision of CITY and CITY owns, operates, manages, directs and controls Defendant PAPD, which is a government agency/police agency and employs other defendants in this action. CITY and PAPD are responsible for ensuring that PAPD's policies and practices do not violate individuals' substantive and procedural due process rights and civil rights.

14.     Defendant **PALO ALTO POLICE CHIEF ROBERT JONSEN** ("JONSEN" or "CHIEF JONSEN") at all times material was Police Chief of the PAPD, and was acting within the course and scope of his employment. As Police Chief, CHIEF JONSEN was a policy-making official for Defendant City with the power to make official and final policy for PAPD.

15.     Defendant **PALO ALTO POLICE OFFICER CHRISTOPHER CONDE** ("CONDE" or "OFFICER CONDE") is and was, at all times relevant to this action, an employee of PAPD, working as a peace officer for CITY and PAPD, acting under color of authority of, and operating in the course and scope of his employment with the CITY and PAPD through Penal Code § 830.2. By engaging in the conduct described herein, Defendant CONDE exceeded the authority vested in him as a peace officer under the United States Constitution, the laws of the State of California, and  as an employee of CITY and PAPD. Defendant CONDE is sued individually and as a peace officer for CITY and PAPD.

16.     Defendant **PALO ALTO POLICE SERGEANT WAYNE BENITEZ** ("BENITEZ" or "SGT. BENITEZ") is and was, at all times relevant to this action, an employee of PAPD, working as a peace officer for CITY and PAPD, acting under color of authority of, and operating in the course and scope of his employment with the CITY and PAPD through Penal Code § 830.2. By engaging in the conduct described herein, Defendant BENITEZ exceeded the authority vested in him as a peace officer under the United States Constitution, the laws of the State of California, and as an employee

7

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

of CITY and PAPD. Defendant BENITEZ is sued individually and as a peace officer for CITY and PAPD. Further, at all times relevant to this action, SGT. BENITEZ was acting as a patrol supervisor, overseeing and supervising the other individual peace officer defendants in this matter.

17.    Defendant **PALO ALTO POLICE AGENT THOMAS ALAN DESTEFANO JR.** ("DESTEFANO" or "AGENT DESTEFANO") is and was, at all times relevant to this action, an employee of PAPD, working as a peace officer for CITY and PAPD, acting under color of authority of, and operating in the course and scope of his employment with the CITY and PAPD through Penal Code § 830.2. By engaging in the conduct described herein, Defendant DESTEFANO exceeded the authority vested in him as a peace officer under the United States Constitution, the laws of the State of California, and as an employee of CITY and PAPD. Defendant DESTEFANO is sued individually and as a peace officer for CITY and PAPD.

18.    Defendant **PALO ALTO POLICE OFFICER THOMAS HUBBARD** ("HUBBARD" or "OFFICER HUBBARD") is and was, at all times relevant to this action, an employee of PAPD, working as a peace officer for CITY and PAPD, acting under color of authority of, and operating in the course and scope of his employment with the CITY and PAPD through Penal Code § 830.2. By engaging in the conduct described herein, Defendant HUBBARD exceeded the authority vested in him as a peace officer under the United States Constitution, the laws of the State of California, and as an employee of CITY and PAPD. Defendant HUBBARD is sued individually and as a peace officer for CITY and PAPD.

19.    Defendant **PALO ALTO POLICE OFFICER JOHNSON (#7745)** ("JOHNSON" or "OFFICER JOHNSON") is and was, at all times relevant to this action, an employee of PAPD, working as a peace officer for CITY and PAPD, acting under color of authority of, and operating in the course and scope of his employment with the CITY and PAPD through Penal Code § 830.2. By

8

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

1   engaging in the conduct described herein, Defendant JOHNSON exceeded the authority vested in

2   him as a peace officer under the United States Constitution, the laws of the State of California, and

3   as an employee of CITY and PAPD. Defendant HUBBARD is sued individually and as a peace

4   officer for CITY and PAPD.

5   20.   The true names and capacities of Defendants DOES herein as DOES 1 thru 70 ("DOE

6   Defendants" of "DOES") are unknown to Plaintiff at this time/Plaintiff does not know the true

7   names and or capacities of Defendants not named in this complaint. Plaintiff will seek leave to

8   amend this complaint to show and state their true names and capacities of these fictitiously named

9   Defendants when, and if, they are ascertained.

    a.   Plaintiff is informed and believes and thereon alleges that these fictitiously named individuals

        are legally responsible in some manner for the acts and omissions set forth below and are

        therefore liable to Plaintiff for the relief requested.

21.   Plaintiff is informed and believes and thereon alleges that each of the defendants sued herein

was negligently, wrongfully, and otherwise responsible in some manner for the events and

happening as hereinafter described, and proximately caused injuries and damages to Plaintiff.

22.   Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein

was negligently, wrongfully, and otherwise responsible in some manner for the events and

happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff and

further, one of more of the DOE Defendants were at all material times responsible for the hiring,

training, supervision, and discipline of other Defendants, and/or directly responsible for violations of

Plaintiff's rights.

23.   At all times relevant and mentioned herein, unless otherwise stated, each Defendant was the

agent and/or employer of every other Defendant, and in doing the things, acts and omissions alleged

9

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

below, was acting within the scope and authority of its agency and/or employment. All actions of each Defendant alleged herein were ratified and approved by the officers, supervisors, and managing agents of each of the other Defendants.

24. Each individual defendant (meaning non-municipal defendants) is sued in his or her individual and official capacities.

25. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent, aid and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise alleged.

26. At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's rights under the United States Constitution and the laws and Constitution of the State of California, and other harm.

27. At all material times, each defendant acted under the color of the laws, statutes, ordinances and regulations of the State of California, and pursuant to the actual customs, policies, practices, and procedures of the governmental entity by which they were employed or retained.

28. This complaint may be pled in the alternative pursuant to FRCivP 8(d)

## CLAIMS PROCEDURE

29. Plaintiff has made the necessary claim, pursuant to California Government Code § 910, to preserve the state causes of action set forth herein.

10

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

30. The City of Palo Alto thereafter denied Plaintiff's claim.

31. This action, at all crucial times, was and is timely filed and made so as to preserve all causes of action, both federal and state.

//

//

//

## FACTUAL ALLEGATIONS

**GUSTAVO ALVAREZ was Brutally Injured During an Unlawful Detention, Unlawful Search, Unlawful Arrest, and Unprovoked Attack Perpetrated by Palo Alto Police Officers, All of Which was Captured on ALVAREZ's Home Surveillance Camera. Further, ALVAREZ's Real and Personal Property was Taken, Damaged and/or Destroyed, without Proper or Lawful Justification.**

32. Unless otherwise stated, the allegations herein are based upon information and belief.

33. Plaintiff GUSTAVO ALVAREZ is a homosexual Latino male adult who resides in a mobile home, which is located within a mobile home park in the City of Palo Alto (County of Santa Clara, State of California).

34. ALVAREZ has been repeatedly harassed, unlawfully detained, unlawfully searched, unlawfully threatened, and has been subjected to regular and ongoing physical and emotional abuse by PAPD and its peace officers.

35. PAPD and its officers have engaged in efforts to conceal and cover up their illegal actions, lies, and unlawful conduct.

36. On or around February 17, 2018, Defendant OFFICER CONDE of PAPD was on duty and on patrol in the City of Palo Alto.

37. The patrol supervisor/sergeant who was supervising OFFICER CONDE was Defendant PALO ALTO POLICE SGT. WAYNE BENITEZ.

11

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

38. Defendant SGT. BENITEZ was an active participant on scene in the unlawful detention, arrest, assault(s), abuse, harassment, threatening, and other unlawful actions perpetrated against ALVAREZ on February 17, 2018.

39. Defendant SGT. BENITEZ was an active participant in concealing, covering up, lying, mischaracterizing, and withholding information and evidence in relation to the events that occurred on or around February 17, 2018.

40. On information and belief, Defendant SGT. BENITEZ was previously the president of the Palo Alto Police Officers Association for five years, he has been a board member of the Palo Alto Police Officers Association for 12+ years, he has served as a Field Training Officer, a School Resource Officer, a Team Leader for the PAPD SWAT Team, he is or was in charge of the PAPD Reserve Officer program, he is or was a board member in the North Santa Clara County Gang Task Force, he is or was a Terrorism Liaison Officer, he is or was assigned to the PAPD special operations bureau, and he holds a "secret clearance" through the FBI/Federal Bureau of Investigation.

41. On or around February 17, 2018 OFFICER CONDE was wearing a full police uniform and was driving a marked police vehicle.

42. At approximately 10:23 PM, OFFICER CONDE observed a vehicle driving west on the 600 block of Los Robles Avenue in the City of Palo Alto.

43. OFFICER CONDE could not see or identify the driver of the vehicle.

44. OFFICER CONDE recognized the vehicle as being associated with Plaintiff GUSTAVO ALVAREZ (he claimed that, based on *prior* contacts with ALVAREZ, he knew the vehicle was associated with ALVAREZ). However, again, he never saw ALVAREZ behind the wheel of the vehicle when he allegedly saw the vehicle on the public roadway on February 17, 2018.

12

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

45.    At some point, OFFICER CONDE ran a records check as to the *vehicle's registration* on the Mobile Data Terminal/laptop/computer in CONDE's patrol vehicle.

46.    CONDE learned that there was a release of liability on file to ALVAREZ.

47.    This records check was only for the purpose of verifying the registered owner information (as to the *vehicle*) and California Department of Motor Vehicle ("DMV") status of the *vehicle* (the records check was *not* for the purpose of checking the status of ALVAREZ's drivers license and CONDE never attempted to or actually checked ALVAREZ's license status before initiating the detention of ALVAREZ).

48.    OFFICER CONDE did not know if ALVAREZ was the driver of the vehicle.

49.    OFFICER CONDE never observed ALVAREZ actually driving the vehicle on a public roadway or anywhere else on or around February 17, 2018.

50.    OFFICER CONDE decided to detain ALVAREZ when he saw ALVAREZ on foot in the private driveway near ALVAREZ's parked vehicle, which was parked in the private driveway of ALVAREZ's private residence.

51.    The vehicle at issue was a 2002 Ford Focus, which is a two-door/coupe/hatchback style vehicle.

52.    OFFICER CONDE did not know the status of ALVAREZ's *drivers license* at the time OFFICER CONDE unlawfully detained ALVAREZ, but in trying to justify the unlawful detention, OFFICER CONDE offered that he knew ALVAREZ had a drivers license *in the past.*

53.    On or around February 17, 2018, after seeing the vehicle on the roadway, the vehicle went out of view from CONDE for a brief period of time as CONDE attempted to follow the vehicle.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

54. OFFICER CONDE then observed the vehicle parked in the driveway associated with ALVAREZ's family's mobile home, which is located within a mobile home park in the City of Palo Alto.

55. OFFICER CONDE saw ALVAREZ exit the parked vehicle and ALVAREZ was then on foot in ALVAREZ's private driveway.

56. It wasn't until OFFICER CONDE unlawfully detained ALVAREZ when he (CONDE) *later* learned that there was at least one other individual within the vehicle.

57. Without ever attempting to or actually running a check on ALVAREZ's drivers license, without knowing whether ALVAREZ's license was in fact then suspended, and without ever having actually seen ALVAREZ driving the vehicle on the roadway, OFFICER CONDE proceeded to detain ALVAREZ.

58. CONDE did not have an arrest warrant, search warrant, or any other lawful means or justifications to detain and arrest ALVAREZ.

59. CONDE did not use the lights or sirens on his patrol vehicle to detain ALVAREZ.

60. Instead, CONDE told ALVAREZ he was detained while ALVAREZ was standing on his (ALVAREZ's) family's private driveway.

61. OFFICER CONDE later admitted (while testifying under oath during a motion to suppress hearing) that he did not know whether ALVAREZ's license was suspended when he proceeded to detain ALVAREZ on February 17, 2018.

62. OFFICER CONDE further testified that he didn't make note of any other moving violations that would've justified the detention and that had he observed any such moving violations, he "probably would have wrote it down".

14

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

63.   Prior to initiating the unlawful and warrantless detention of ALVAREZ, OFFICER CONDE never utilized his radio or any other means to try to verify whether ALVAREZ's drivers license was in fact suspended.

64.   Despite the fact that OFFICER CONDE did not know whether ALVAREZ's license was suspended when CONDE decided to unlawfully detain ALVAREZ, CONDE tried to later justify his unlawful detention and subsequent arrest of ALVAREZ by concocting a baseless story to the effect that he had reasonable suspicion to believe that ALVAREZ had a suspended license on February 17, 2018 based upon the fact that CONDE knew that ALVAREZ's license was suspended *in the past*, and that he therefore had reasonable suspicion to detain ALVAREZ.

65.   Specifically, in the police report that OFFICER CONDE drafted, he wrote that he had reasonable suspicion to detain ALVAREZ because he had reasonable suspicion to believe that ALVAREZ's drivers license was suspended.

66.   The proffered *justification* for the unlawful detention of ALVAREZ amounts to the warrantless detention of a pedestrian on private property due to OFFICER CONDE's hunch that ALVAREZ's license was currently suspended due to the fact that it was suspended in the past.

67.   ALVAREZ was not on probation or parole, there were no active "wants" or warrants, and there was no other legal justification to detain ALVAREZ.

68.   Nonetheless, while unlawfully detaining ALVAREZ in ALVAREZ's private driveway, OFFICER CONDE commanded ALVAREZ to submit to the (unlawful) detention and speak with him (CONDE).

69.   CONDE initially told ALVAREZ that he saw him driving the vehicle, despite the fact that he never saw ALVAREZ driving the vehicle.

15

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

70. Just after detaining ALVAREZ in ALVAREZ's driveway, ALVAREZ repeatedly questioned OFFICER CONDE, asking CONDE if he saw ALVAREZ driving the vehicle.

71. OFFICER CONDE stuttered and would not initially answer the question(s) on this point.

72. At one point, ALVAREZ asked CONDE "why are you going to detain me? For what?"

73. OFFICER CONDE replied, "because I know you're driving with a suspended license".

74. Again, OFFICER CONDE never actually observed ALVAREZ driving the vehicle and OFFICER CONDE did not know whether ALVAREZ had a suspended license when CONDE decided to unlawfully detain ALVAREZ.

75. ALVAREZ also asked OFFICER CONDE if he had a warrant and OFFICER responded to ALVAREZ "you're legally detained". Again, OFFICER CONDE did not have a warrant.

76. OFFICER CONDE eventually admitted to ALVAREZ that he (OFFICER CONDE) never actually saw ALVAREZ driving the vehicle. This admission was recorded (audio and video) on ALVAREZ's home surveillance camera.

77. Specifically, ALVAREZ asked OFFICER CONDE "Who'd (sic) you know who was driving?" and CONDE replied, "I didn't."

78. ALVAREZ then proceeded to tell CONDE that he (ALVAREZ) is "not coming down" (to CONDE's patrol car) and ALVAREZ told CONDE "you cannot come into my house".

79. ALVAREZ proceeded to close the front door of his home and CONDE returned to his patrol car, which was parked near the edge of ALVAREZ's driveway.

80. OFFICER CONDE used his police radio and asked for additional police units to respond and at least four additional officers responded to the scene, including CONDE's supervisor, Defendant SGT. BENITEZ.

16

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

81.   OFFICER CONDE informed other responding PAPD officers that ALVAREZ was now wanted for driving on a suspended license and resisting/delaying/obstructing a peace officer (California Vehicle Code § 14601 and California Penal Code § 148).

82.   A cadre of PAPD officers, including, but not necessarily limited to OFFICER CONDE's immediate patrol supervisor (Defendant PALO ALTO POLICE SGT. WAYNE BENITEZ), Defendant PALO ALTO POLICE AGENT THOMAS ALAN DESTEFANO JR., Defendant PALO ALTO POLICE OFFICER MATTHEW HUBBARD, and Defendant PALO ALTO POLICE OFFICER JOHNSON (#7745) responded to the scene to assist OFFICER CONDE with the unlawful detention of ALVAREZ.

83.   The Defendant officers were not wearing body worn cameras.

84.   The Defendant officers were each wearing *microphones* affixed to each of their uniforms that recorded the *audio* of the incident.

85.   Each of their patrol cars were equipped with numerous fixed cameras that point in a multitude of directions. The video footage captured by these fixed cameras syncs with the audio that is captured via the wireless microphones affixed to each of their uniforms. However, when a given officer is on foot and outside of his or her patrol vehicle, the fixed camera(s) on the patrol vehicle will not capture the relevant footage unless the officer places his or her vehicle in a position such that the eye(s) of the cameras point in the direction/directions of the relevant activities and incidents.

86.   On information and belief, as a matter of practice, custom, and procedure, the officers strategically park (and in this case intentionally parked) their patrol vehicles out of view of ALVAREZ's front door, in such a manner and in an intentional effort to evade the camera's eye and officers thereafter engage in certain *verbal* dialogue that, without accompanying video footage, allows them to justify their unlawful actions, mischaracterize the true happenings in a given incident,

17

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

fabricate stories that paint their conduct in the best light, and conceal unlawful activity in which they engage, as they did here.

87.    However, despite ALVAREZ warning the Defendant officers that they were being recorded (on ALVAREZ's home surveillance camera), the Defendant officers not only continued on a destructive and coordinated path of unlawful, unprofessional, violent, oppressive, and illegal conduct, the Defendant officers, in drafting the associated police reports, conspired and coordinated to fabricate information, conceal relevant information, violate laws, policies, and procedures, and maliciously and without justification destroy property, take property, detain, arrest, attack, incarcerate, harass, and prosecute ALVAREZ and his personal property.

88.    With respect to the events that followed, OFFICER CONDE wrote in his police report that "[A]s Ofc Hubbard, Agt DeStefano, Sgt Benitez, and I approached (ALVAREZ)" … he (ALVAREZ) "slammed the front door".

89.    This is one (among many) inconsistencies and fabrications that followed [in comparing the police report(s) to the events captured on ALVAREZ's *home surveillance camera*]. ALVAREZ's home surveillance audio and video footage tells an entirely different story.

90.    First, ALVAREZ never slammed the door. The door was apparently closed when officers approached the front door, ALVAREZ was inside the residence when the officers approached the front door, and the door remained closed (it was never apparently slammed as the officers were approaching).

91.    Next, the home surveillance video footage shows four officers, Defendant(s) SGT. BENITEZ, AGENT DESTEFANO, OFFICER CONDE, and a fourth unidentified officer (either OFFICER JOHNSON or OFFICER HUBBARD) storming towards ALVAREZ's front door. A fifth

18

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

1

2

unidentified officer is standing in the roadway (either OFFICER JOHNSON or OFFICER HUBBARD).

3

4

5

6

7

8

92.    The Defendant officers, standing in ALVAREZ's private driveway just outside the closed front door, proceed to repeatedly yell at ALVAREZ (through the closed front door). The Defendant officers quickly and unnecessarily escalated the unlawful detention into a full-fledged attack on ALVAREZ and his family's residence. The home surveillance cameras and associated video footage shows the following events:

9

10

a.    The officers begin yelling for ALVAREZ to "come on out" ... and AGENT DESTEFANO screams and threatens "or we're gonna break down the door!"

11

b.    ALVAREZ replied through the closed front door by saying "it's recording."

12

13

c.    Defendant AGENT DESTEFANO again replied, "Come on out or we're gonna kick the door in."

14

15

d.    ALVAREZ then replies, "How? Do you have a warrant?"

16

e.    AGENT DESTEFANO replies, "We don't need one!"

17

18

f.    Defendant SGT. BENITEZ tells his subordinate officers he's going to boot the door in and AGENT DESTEFANO replies, "Yeah."

19

20

g.    SGT. BENITEZ then violently kicks the front door with his right foot/boot, but is unsuccessful in breaching the door with this kick.

21

22

23

h.    ALVAREZ can then be heard yelling "I'm coming out!" (i.e. ALVAREZ was trying to comply with the unlawful orders by law enforcement)

24

25

26

93.    ALVAREZ then tried to comply with the unlawful law enforcement commands and in the home surveillance video footage, ALVAREZ can be heard again saying he's coming out. And, in the audio, the sound of the doorknob jangling can be heard (ALVAREZ attempting to comply with the

27

19

28

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

unlawful commands by trying to turn the knob, trying to open the door, and trying to exit the residence in accordance with the unlawful commands from law enforcement).

94.    Next, in continuing their unlawful siege (as seen in the home surveillance video footage) Defendant AGENT DESTEFANO is seen un-holstering his service pistol, AGENT DESTEFANO points it at the front door and aggressively yells "Come on out!"

95.    Simultaneously, Defendant CONDE can be seen and heard charging towards the front door and yelling "Come on out!" and Defendant SGT. BENITEZ proceeds to violently kick in the door again with hit boot/foot, this time successfully breaking, breaching and damaging the door and threshold.

96.    At this same time, ALVAREZ was attempting to comply with the officers' unlawful commands and unlawful breaking and entering into ALVAREZ residence in the form of ALVAREZ trying to open his front door and come out in compliance with the officers' unlawful commands.

97.    Despite ALVAREZ's attempted compliance with the officers' unlawful physical attack and unlawful destruction of the door and threshold, the officers continued to escalate their use of force and escalate the situation by destroying property, using profanity, physically attacking, and violently and unnecessarily abusing ALVAREZ.

98.    Specifically, AGENT DESTEFANO can be seen continuing to point his service pistol at ALVAREZ while AGENT DESTEFANO and OFFICER CONDE continue yelling at ALVAREZ to come out and "Give up!" ALVAREZ continues to try to comply with the unlawful attack and repeatedly says, "I coming out!" … "I coming out!"

99.    Defendant SGT. BENITEZ then violently grabbed ALVAREZ as ALVAREZ was trying to peacefully comply. SGT. BENITEZ violently grabbed, yanked, and pulled ALVAREZ out of the residence down the staircase.

20

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

100. AGENT DESTEFANO can then be seen holstering his weapon and simultaneously and violently grabbing ALVAREZ.

101. AGENT DESTEFANO proceeds to yell at ALVAREZ to "Get the fuck out!" despite ALVAREZ's compliance and despite the fact that ALVAREZ was being violently and unlawfully pulled out of his residence by the Defendant officers.

102. Defendants SGT. BENITEZ, AGENT DESTEFANO, and OFFICER CONDE then physically assault ALVAREZ by slamming ALVAREZ, face down, onto the hood of ALVAREZ's parked car (in the private driveway of ALVAREZ's family's mobile home in the mobile home park).

103. The next sequences of disturbing events, as depicted in the home surveillance video footage drastically differ from what was written in the police report(s) drafted by OFFICER CONDE, SGT. BENITEZ, and OFFICER JOHNSON (on information and belief, Plaintiff is not aware of any reports drafted by AGENT DESTEFANO or OFFICER HUBBARD in relation to these events).

104. Specifically, SGT. BENITEZ wrote the following in his police report, *"I then used by right hand and grabbed Alvarez on the front of his shirt and physically pulled him outside. His vehicle was parked directly in front of the short set of stairs that led to his front door so Agent DeStefano and I put Alvarez on the hood of his car where he was handcuffed. **No other force was used on Alvarez.**"* (emphasis added)

105. The home surveillance footage (audio and video) tells a drastically different and more violent story with respect to the violent siege perpetrated by and physical force used by the Defendant officers:

    a.    While ALVAREZ is being restrained on the hood of his car, ALVAREZ was compliant and not assaultive in any regard.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

b. From behind ALVAREZ, while ALVAREZ is compliant, prone on the hood of his parked car, and with ALVAREZ's head being pushed and held into the metal hood of the vehicle by SGT. BENITEZ's left hand, SGT. BENITEZ says to ALVAREZ *"You think you're a tough guy now?"* At the same time SGT BENITEZ is making these remarks and pressing ALVAREZ's face and head into the hood with SGT. BENITEZ's left hand, SGT. BENITEZ cocks back his right closed fist and violently strikes/punches ALVAREZ in the lower back/kidney area.

c. At the same time, AGENT DESTEFANO and OFFICER CONDE are also physically assaulting and pressing ALVAREZ into the hood of the car, while ALVAREZ remains compliant and face down on the hood of ALVAREZ's parked car.

d. At the same time, one additional officer (Defendant OFFICER HUBBARD or Defendant OFFICER JOHNSON) has his left hand on SGT. BENITEZ's back and is within a few feet of ALVAREZ.

e. At the same time, one additional officer (Defendant OFFICER HUBBARD or Defendant OFFICER JOHNSON) is standing in the roadway near the edge of the driveway.

f. SGT. BENITEZ, AGENT DESTEFANO and OFFICER CONDE proceed to place handcuffs around ALVAREZ's two wrists/hands as ALVAREZ's hands are behind his back and as ALVAREZ remains compliant and restrained face down and pressed against the hood of the car by the officers.

g. Next, ALVAREZ (in Spanish) tells his father, who is inside of the residence and out of view, to "record this, Papa".

h. Apparently angry with what ALVAREZ said, without any justification and for no apparent reason other than a result of haste and anger, SGT. BENITEZ again cocks his right hand back

22

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

and violently slams and slaps ALVAREZ in the head with his (SGT. BENITEZ's) open palm/hand. When SGT. BENITEZ does this, he yells at ALVAREZ to "Shut up!"

i.   ALVAREZ then says, "He just hit me!"

j.   None of the Defendant officers on scene intervened to prevent the repeated physical assaults against ALVAREZ.

106. Again, in SGT. BENITEZ's report about the incident, he states that ALVAREZ was "put on the hood of his car where he was handcuffed" and that "**no other force was used on Alvarez."** SGT. BENITEZ made no mention of the violent and unwarranted punch he dealt to ALVAREZ's lower back/kidney area. SGT. BENITEZ made no mention of the violent and unwarranted and open palm slap/slam he dealt to ALVAREZ's head/face. None of the other officers who were on scene reported these violent and unwarranted uses of force and the officers who did draft written reports omitted this information from their reports.

107. With respect to the next events, the home surveillance video footage shows the following:

a.   After ALVAREZ is slapped/slammed in the head, told to shut up by SGT. BENITEZ and after ALVAREZ is assaulted and handcuffed by SGT. BENITEZ, AGENT DESTEFANO, and OFFICER CONDE, ALVAREZ again complains that SGT. BENITEZ hit him.

b.   Next, AGENT DESTEFANO and OFFICER CONDE stand up straight and cease physical contact with ALVAREZ's person.

c.   SGT. BENITEZ is over top of ALVAREZ (who is face down on the hood with his hands handcuffed behind his back and is compliant) near the front right fender/hood area, just in front of the front passenger side mirror of the vehicle.

d.   At this point, AGENT DESTEFANO is standing directly to the right of SGT. BENITEZ and facing and looking at SGT. BENITEZ and ALVAREZ (ALVAREZ is face down on the hood

23

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

with his hands handcuffed behind his back). AGENT DESTEFANO is standing just in front of the front passenger side headlight of the vehicle. AGENT DESTEFANO is roughly 1 to 3 feet from SGT. BENITEZ and ALVAREZ and facing them.

e.  At the same time, OFFICER CONDE is standing in the area of the front driver's side headlight, facing and looking at ALVAREZ and SGT. BENITEZ (roughly 3-5 feet away).

f.  At this point, ALVAREZ is still compliant, handcuffed with his hands behind his back, and being forcefully held face first on the hood of the parked car.

g.  SGT. BENITEZ, with both of his hands, violently grabs and yanks the handcuffed ALVAREZ off of the hood from behind (by grabbing onto ALVAREZ's hood and jacket). SGT. BENITEZ violently yanks ALVAREZ off of the hood in this manner and in doing so, SGT. BENITEZ caused ALVAREZ's torso and head to fly backwards in a whiplash fashion. For no justifiable reason and without any sort of provocation by ALVAREZ, SGT. BENITEZ then immediately pushed ALVAREZ back towards the vehicle and slams ALVAREZ back onto the hood, causing ALVAREZ's torso and head to violently slam into the hood and windshield of the vehicle, respectively. ALVAREZ had no way to defend himself from this violent and unprovoked attack being that his hands were completely restrained in handcuffs behind his back. While violently slamming the handcuffed ALVAREZ onto the hood, SGT. BENITEZ simultaneously leaned into ALVAREZ and SGT. BENITEZ yelled into ALVAREZ's left ear "You think you're a tough guy, huh?!"

h.  AGENT DESTEFANO clearly observed this entire series of brutal assaults and threats and did nothing to intervene or prevent additional attacks on ALVAREZ as AGENT DESTEFANO was standing within 1-3 feet of this when they occurred and facing/looking at the disturbing events.

24

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

i. OFFICER CONDE clearly observed this entire series of brutal assaults and threats and did nothing to intervene or prevent additional attacks on ALVAREZ as OFFICER CONDE was standing within 3-5 feet of this when they occurred and facing/looking at the disturbing events.

j. It is unclear exactly where the fourth officer is standing (Defendant OFFICER HUBBARD or Defendant OFFICER JOHNSON), but it appears he was likely standing on the front stairs near the door of the residence (roughly 4-6 feet from the incident), just out of view of the home surveillance camera.

k. It appears the fifth officer (Defendant OFFICER HUBBARD or Defendant OFFICER JOHNSON) is somewhere in the roadway near the end of the driveway.

l. None of the Defendant officers on scene intervened to prevent the repeated physical assaults and threats against ALVAREZ.

m. None of the Defendant officers on scene summonsed medical care for ALVAREZ or engaged in any other efforts to see that ALVAREZ was afforded necessary medical care.

n. None of the Defendant officers subsequently reported these violent, unlawful, and unjustified acts.

o. None of the Defendant officers notified any superior officers or administrators to report the assaults and other misconduct.

p. None of the officers completed a Use of Force or Supervisor's Use of Force report.

q. Just after this assault, AGENT DESTEFANO utilizes his handheld police radio and informs dispatch the ALVAREZ has been arrested (the police code is "10-15").

108. Again, in the police report that SGT. BENITEZ drafted, he wrote *"His [ALVAREZ's] vehicle was parked directly in front of the short set of stairs that led to his front door so AGENT*

25

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

*DESTEFANO and I put ALVAREZ on the hood of his car where he was handcuffed.* **No other force was used on Alvarez.***"*

109. As a result of this unprovoked attack(s), ALVAREZ was bleeding from the mouth and his tooth was knocked loose. Later on in jail, ALVAREZ was too scared to ask the jail staff for medical assistance, so he pulled his own tooth out to try to mitigate the pain he was experiencing.

110. Just after SGT. BENITEZ slammed ALVAREZ on the hood and windshield and made the "tough guy" comment, ALVAREZ complained that he was bleeding. At that point, instead of rendering assistance and summonsing medical personnel, SGT. BENITEZ continued to threaten ALVAREZ. Specifically, SGT. BENITEZ stated, "You think you're a tough guy? Huh?" Thereafter, ALVAREZ stated, "Oh my God. I'm bleeding!" In response, SGT. BENITEZ stated, ***"You're gonna be bleeding a whole lot more!"***

111. Approximately 20 seconds later, SGT. BENITEZ tells ALAVREZ, "What's wrong, you're not so tough now. What's the problem? Huh? You're so tough. How come you're not so tough now?"

112. Thereafter, SGT. BENITEZ proceeds to verbally abuse and taunt ALVAREZ, by making various statements to ALVAREZ and denigrating ALVAREZ.

113. Next, in de-briefing his subordinate officers on scene just after the assaults and raid against ALVAREZ, SGT. BENITEZ utilized the opportunity to provide a teaching moment to the subordinate officers and made remarks that included, but were not necessarily limited to the following:

a.   "See how much *they* behave when we put our foot down?"

b.   "No leniency here."

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

c.   "See how quickly *they* behave once we put our foot down? And that's what we don't do enough of."

d.   "Amazing how well behaved they become."

e.   "And look how well behaved they are now."

f.   "We put our foot down and they're all behaving themselves now."

114.  In the police report authored by Defendant OFFICER CONDE, CONDE makes no reference to any of the use of force/physical assaults perpetrated individually and collectively by the Defendant officers.

115.  The manner by which OFFICER CONDE characterized certain portions of the contact and the manner by which OFFICER CONDE intentionally withheld any mention of use of force from his police reports establish the purposeful and intentional concealing of this information and the purposeful and intentional withholding of this information from the reports.

116.  Specifically, OFFICER CONDE wrote in his report that *"As Ofc Hubbard, Agt. DeStefano, Sgt Benitez, and I approached ALVAREZ, he slammed the front door."* This is false.

117.  In OFFICER JOHNSON's report, he makes no mention of any use of force by any officers during the events at issue.

118.  Again, ALVAREZ never slammed the door. The door was apparently closed when the officers were approaching it, ALVAREZ was inside the residence when the officers approached the front door, and the door remained closed (it was never slammed as the officers were approaching).

119.  Further, when OFFICER CONDE testified under oath during the Motion to Suppress hearing during the pendency of the related criminal proceeding against ALVAREZ in state court, OFFICER CONDE made no mention of the repeated uses of force/assaults and threats.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

120.  It wasn't until after ALVAREZ was detained, beaten, arrested, and repeatedly threatened that the officers decided to run ALVAREZ's license to check on its status.

121.  Thus, ALVAREZ was not only unlawfully detained without reasonable suspicion, he was also arrested without probable cause.

122.  After ALVAREZ was arrested, Defendant officers towed ALVAREZ's vehicle from the driveway and impounded and/or stored ALVAREZ's vehicle, improperly and without legal justification citing authority pursuant to California Vehicle Code § 14602.6. ALVAREZ was unable to pay to retrieve his vehicle from storage/impound and to this day does not have possession of the vehicle.

123.  Defendant officers searched ALVAREZ.

124.  Defendant officers searched ALVAREZ's vehicle.

125.  Defendant officers transported and eventually booked ALVAREZ into jail and ALVATEZ remained in custody for a number of days.

126.  Although OFFICER CONDE allegedly conducted a Drug Abuse Recognition exam of ALVAREZ, OFFICER CONDE never completed the necessary Field Sobriety Tests ("FST's") and never observed ALVAREZ driving on the public roadway. Nonetheless, among the charges upon which ALVAREZ was booked into jail was DUI/Driving Under the Influence and driving on a suspended license.

127.  The Santa Clara County District Attorney's Office declined to prosecute ALVAREZ on the DUI charge due to "lack of evidence", citing a lack of "bad driving", "no admission of recent use", and a "refusal to take a blood test." This is evidenced by the DMV DS 702 form that was completed and filed/executed by the Santa Clara County District Attorney's Office on February 20, 2018.

**Despite the Fact that all of the Criminal Charges Against GUSTAVO ALVAREZ were Eventually Dismissed, Nonetheless, As a Result of the Unlawful Conduct by Palo Alto Police**

28

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

**Officers, GUSTAVO ALVAREZ was Wrongfully Incarcerated, Maliciously Prosecuted, and Subjected to Unwarranted Criminal Proceedings and Harassment.**

128.   As a result of the information, misinformation, and failure to provide truthful, accurate, and complete information within the police reports authored by Defendants CONDE, BENITEZ, and JOHNSON, ALVAREZ was charged with various offenses in the Superior Court of California, County of Santa Clara (Docket B1896518).

   a.   ALVAREZ was arraigned on various charged on February 22, 2018.

   b.   Thereafter, in the related criminal proceeding ALVAREZ filed a motion to suppress evidence, citing a lack of legal justification for the law enforcement detention of ALVAREZ.

   c.   Prior to the hearing on the motion, Santa Clara County Deputy District Attorney Montana Musso informed ALVAREZ's defense counsel that the District Attorney's Office intended to dismiss one of the charges (CA Penal Code Section § 485) due to insufficiency of the evidence. DDA Musso informed defense counsel that she felt the search of ALVAREZ's vehicle (which allegedly yielded the evidence associated with the CA Penal Code Section § 485 charge) was improper and their office would therefore be dismissing the charge regardless of the outcome of the motion to suppress hearing.

   d.   On November 16, 2018 at 9:00AM, the Motion to Suppress hearing was held in Department 84 of the Superior Court of California, County of Santa Clara. Judge Jerome Nadler of the Superior Court of California, County of Santa Clara presided over the matter, ultimately granted ALVAREZ's motion (finding that the officers' detention of ALVAREZ was not supported by reasonable suspicion and was therefore unlawful), and thereby suppressed evidence.

29

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

i.   Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, and JOHNSON were all subpoenaed to testify at the hearing. However, only CONDE ended up testifying at the hearing.

ii.  During CONDE's sworn testimony, CONDE acknowledged that a police report is a complete summary of all the important facts in the case and acknowledged that he made the report as accurate as possible.

iii. During CONDE's sworn testimony, in response to a question by ALVAREZ's defense counsel asking, "Are there any additions or subtractions on the report that you came across when you reviewed it that you want to make so it more accurately reflects what occurred on February 17 of 2018..." CONDE replied, "Not at this time."

iv.  During his sworn testimony, when CONDE was given a chance to correct any inaccuracies or omissions in his police report, CONDE declined and failed to make any such corrections.

v.   During CONDE's sworn testimony, CONDE repeatedly avoiding answering certain questions with respect to whether he saw ALVAREZ driving and made no mention of the assaults, threats, or attacks perpetrated against ALVAREZ.

vi.  CONDE acknowledged that he signed the "Affidavit Re: Probable Cause and Bail Setting" under penalty of perjury (the affidavit where CONDE wrote that he saw ALVAREZ "driving on the roadway").

vii. However, during CONDE's sworn testimony, he would not answer ALVAREZ's defense counsel's repeated questions and the Court's questions on the point of whether he ever saw ALVAREZ behind the wheel of the vehicle/driving the vehicle on the roadway on February 17, 2018.

30

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

viii.   During CONDE's sworn testimony, CONDE acknowledged that just before he decided to detain ALVAREZ (on February 17, 2018), he never attempted to or actually ran a check on ALVAREZ's drivers license to see if it was suspended and CONDE acknowledged that he didn't know whether or not ALVAREZ's license was suspended on February 17, 2018 at the point in time when he decided to detain ALVAREZ.

ix.   During CONDE's sworn testimony, he continued to conceal information and evidence in such a manner that painted ALVAREZ and ALVAREZ's conduct in a false and negative light and painted the conduct of the Defendant officers in a false and favorable light so as to conceal the true events that occurred during the underlying events, so as to perpetuate the unwarranted prosecution of ALVAREZ and perpetuate the concealment of the unlawful acts of law enforcement.

x.   At the summation of CONDE's testimony, the Court heard arguments from the District Attorney's Office and ALVAREZ's defense counsel.

xi.   At the close of arguments, the Court/Judge Jerome Nadler of the Superior Court ultimately granted ALVAREZ's motion to suppress.

xii.   In granting ALVAREZ's motion to suppress, Judge Nadler specifically held that CONDE lacked reasonable suspicion to detain ALVAREZ. This resulted in an immediate dismissal of the resisting/obstructing/delaying a peace officer charge (CA Penal Code § 148) and the paraphernalia charge (CA Health & Safety Code § 11364), and the District Attorney's Office moved to dismiss and the Court thereafter dismissed the CA Penal Code § 485 charge.

e.   On November 20, 2018 in Department 84 of the Superior Court of California, County of Santa Clara, by motion of the Santa Clara County District Attorney's Office, the final

31

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

remaining criminal charge against ALVAREZ was dismissed based upon the insufficiency of the evidence [CA Vehicle Code § 14601.2(a)].

129. As such, all of the criminal charges against ALVAREZ in relation to the February 17, 2018 incident were dismissed based upon the insufficiency of the evidence (Superior Court of California, County of Santa Clara Docket B1896518).

130. Defendant officers and DOES 1 thru 70, inclusive, exhibited deliberate indifference to the medical needs of Plaintiff, and/or provided care that was not objectively reasonable, in failing to provide proper medical treatment to address Plaintiff's injuries. This includes, but was not limited to Defendant officers failure to summon fire and medics to examine Plaintiff and failure to provide any or adequate medical care and treatment after Plaintiff was repeatedly subjected to excessive and unreasonable force in the form of being slammed face first onto the front hood of the vehicle by Defendant officers, punched in the kidney/lower back area with a closed fist just after being slammed face first onto the hood of the vehicle by Defendant Police Officers, just after being violently slammed/slapped on the side of the face/head by Defendant Police Officers, and just after being violently slammed onto the windshield and hood of the vehicle by Defendant officers (while Plaintiff's hands were already restrained and secured in handcuffs behind his back).

131. Plaintiff is informed and believes and thereon alleges that Defendant Conde initiated the traffic stop as a pretext, solely in order to detain Plaintiff, and without any legal basis to do so.

132. Plaintiff is additionally informed and believes and thereon alleges that one or more of the Defendant officers wrongfully and without justification cited and arrested plaintiff for driving on a suspended license, driving under the influence, resisting arrest/resisting or delaying a peace officer, possession of controlled substance paraphernalia, and misappropriation of lost property.

32

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

**The Unconstitutional Policies, Training and Supervision of the City of Palo Alto and the City of Palo Alto Police Department**

133.  On information and belief, Plaintiff alleges that the Defendant officers and DOES 1 thru 70, inclusive, individually and/or collectively, directly and/or indirectly, provided and/or caused to be provided false information to the City of Palo Alto, the City of Palo Alto Police Department, the District Attorney's Office, and the Superior Court of California, County of Santa Clara, and the California Department of Motor Vehicles about Plaintiff's conduct in this matter so as to falsely inculpate Plaintiff, discourage Plaintiff from asserting his legal rights to a remedy for Defendants' wrongful conduct, and to cover up Defendants' misconduct.

134.  At all material times, Plaintiff acted peacefully and lawfully, never threatened any person, and never interfered with any police officer.

135.  The conduct herein alleged of Defendant officers and DOES 1 thru 70, inclusive, and each of them, was perpetrated upon Plaintiff with intent, malice, and without provocation, or in the alternative was done in reckless disregard of Plaintiff's rights. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally detained Plaintiff without reasonable suspicion and/or arrested Plaintiff without probable cause to arrest Plaintiff and without legal cause or excuse to seize the person of Plaintiff, used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct.

136.  The conduct herein alleged of Defendant officers and DOES 1 thru 70, inclusive, and each of them, was perpetrated upon Plaintiff negligently in that said defendants failed to use reasonable care to ensure no excessive force was used on Plaintiff. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally detained Plaintiff without reasonable suspicion and/or arrested Plaintiff

33

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

without probable cause to arrest Plaintiff and without legal cause or excuse to seize the person of Plaintiff, used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct.

137.   On information and belief, Defendant officers and DOES 1 thru 70, inclusive, and other police officers have given false statements, filed false police reports, have failed to complete the requisite Use of Force reports (or in the alternative, improperly completed Use of Force reports), concealed material information, improperly investigated this matters, and have otherwise attempted to cover up their and other officers' misconduct, violations of State and Federal Constitutional rights, and other tortious and unlawful conduct.

138.   Plaintiff is informed and believes and thereon alleges that Defendant City of Palo Alto, Defendant City of Palo Alto Police Department, Defendant CHIEF JONSEN and DOES 1 thru 70, inclusive, have received numerous complaints and have extensive additional information concerning instances of use of excessive force and other acts of misconduct in violation of the rules and procedures of the City of Palo Alto, and the rights of the public committed by various CITY / PAPD officers, including but not limited to the Defendant officers associated with the incident at issue in this matter.

139.   Defendant City of Palo Alto, Defendant City of Palo Alto Police Department, Defendant JONSEN and DOES 1 thru 70, inclusive, and each of them, by their deliberate acts, reckless conduct, and negligence in failing to train, supervise, discipline, and/or investigate complaints and/or charges against PAPD officers, and/or the Defendant Palo Alto Police Officers, proximately caused injuries to Plaintiff.

140.   Plaintiff is informed and believes and thereon alleges that at all times herein alleged it was the custom and policy of the City of Palo Alto and City of Palo Alto Police Department, and their

34

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

members, to use excessive force against citizens, to ignore known or reported uses of excessive force by PAPD officers against its citizens, to behave deliberately indifferent to known or reported uses of excessive force by PAPD officers against citizens, to tamper with, manipulate, or destroy video and audio evidence of such uses of excessive force, to deliberately prevent video and/or audio evidence from being generated so as to prevent documentation of such uses of excessive force and misconduct, to fail to train PAPD officers in the proper manner, and to otherwise violate the rights of citizens or to ratify, tolerate, and/or implicitly encourage the violation of the rights of citizens. This custom and policy is evidenced by the City of Palo Alto and the City of Palo Alto Police Department's failure to train, supervise, discipline, and/or investigate complaints and/or other charges against PAPD peace officers who had a known propensity for violence and excessive force, for tampering with video and/or audio evidence of police misconduct, and for failing to properly address suspects experiencing medical emergencies and suffering from injuries, violating the rights of citizens, failing to properly discipline PAPD peace officers who were engaged in acts of dishonesty, excessive force, and/or other misconduct, and for failing to obtain medical care for persons in their care, custody, or control. The acts herein described of the Defendant officers, and each of them, were in keeping with said customs and policies of use of excessive force, failure to investigate or discipline uses of excessive force, dishonesty, and other misconduct, failure to train CITY / PAPD officers, and violation of other rights.

141.  The City of Palo Alto and the City of Palo Alto Police Department has policies, procedures and/or customs of arbitrary searches of members of the community, by isolating them and searching them without informed consent, under duress, and without legal justification.

142.  Defendant CHIEF JONSEN and/or DOES 1 thru 70, inclusive, is/are the final decision maker within the City of Palo Alto and the City of Palo Alto Police Department who put in place or co-

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

signed the policy, practice or custom of detaining members of the community without justification, searching them without a warrant or probable cause and continuously harassing them to chill their speech and violate their rights.

143. At all times relevant to this action, Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, were negligent, reckless, wanton, willful, knowing, intentional, unreasonable, extreme, outrageous, and deliberately indifferent to the constitutional rights of ALVAREZ.

144.  Defendants' CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, unconstitutional actions violated clearly established law.

145. At the time Defendant officers and DOES 1 thru 70, inclusive, violated ALVAREZ's constitutional rights on, around, and after February 17, 2018, the City of Palo Alto and the City of Palo Alto Police Department had a practice or custom of failing to investigate and discipline officers involved in excessive use of force.

146. At the time Defendant officers and DOES 1 thru 70, inclusive, violated ALVAREZ's constitutional rights on February 17, 2018, the City of Palo Alto and the City of Palo Alto Police Department, within the period of time up to today, the City of Palo Alto and the City of Palo Alto Police Department had or has a practice or custom of repeatedly harassing ALVAREZ.

147. At the time Defendant officers and DOES 1 thru 70, inclusive, violated ALVAREZ's constitutional rights on February 17, 2018, the City of Palo Alto and the City of Palo Alto Police Department, within the period of time up to today, had a policy, practice or custom of not requiring officers to report any use of force but their own, meaning they do not need to report force they observe a colleague use, and are even encouraged and trained not to report use of force they see a colleague use.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

148.  At the time Defendant officers and DOES 1 thru 70, inclusive, violated ALVAREZ's constitutional rights on, around, and after February 17, 2018, the City of Palo Alto and the City of Palo Alto Police Department, within the period of time up to today, failed to adequately supervise, equip or train CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, regarding use of force, reporting of same, activation and/or use of recording devices, and preserving evidence.

149.  At the time Defendant officers and DOES 1 thru 70, inclusive, violated ALVAREZ's constitutional rights on February 17, 2018, the City of Palo Alto and the City of Palo Alto Police Department failed to adequately supervise and train CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, regarding First Amendment rights.

150.  The unconstitutional actions of CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, violated clearly established law.

151.  The City of Palo Alto and the City of Palo Alto Police Department's unconstitutional policies, inadequate training and supervision of Defendants was caused by the City of Palo Alto and the City of Palo Alto Police Department's deliberate indifference to the constitutional rights of ALVAREZ to be free from unreasonable searches and seizures, not be the subject of excessive use of force by the police, and to have freedom of speech, and deliberate indifference to ALVAREZ's other rights and privileges, were the moving force behind Defendant's' violations of ALVAREZ's constitutional rights.

## DAMAGES

152.  As a proximate result of Defendants' conduct, ALVAREZ suffered severe pain and physical injuries, including pain, bleeding, bruising, the eventual loss of a tooth, and other physical injuries.

37

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

153.  As a proximate result of Defendants' conduct, ALVAREZ suffered unwarranted and unlawful incarceration and prosecution.

154.  As a further proximate result of Defendants' conduct, ALVAREZ suffered severe emotional and mental distress, fear, terror, anxiety, depression, humiliation, embarrassment, and loss of her sense of security, dignity, and pride.  He suffered serious emotional harm, fear for his safety while in a public and while in his home, awaiting trial and also after the criminal charges were dismissed (to present). ALVAREZ was also charged in a criminal case and suffered constant worry that he might be condemned to spend time in custody for a crimes he did not commit and/or charges that stemmed from unlawful law enforcement conduct and detentions and arrests that were not supported by reasonable suspicion, probable cause, or any other legal justification.

155.  Because ALVAREZ continues to be harassed by the PAPD, he is concerned that any future charges filed against him by any Defendant will result in the same concealment of exculpatory evidence and malicious prosecution.

156.  As a further proximate result of defendants' conduct, on information and belief ALVAREZ has incurred medical expenses and/or damages and injuries and other costs and expenses, and will continue to incur medical expenses and/or damages and injuries and other costs and expenses in the future in an amount according to proof.  ALVAREZ will also lose future income in an amount according to proof.

157.  As a further proximate result of defendants' conduct, ALVAREZ has incurred damages in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

158.  The conduct of the individual Defendants was malicious, sadistic, wanton, and oppressive. ALVAREZ is therefore entitled to award of punitive damages against the Defendants.

38

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

# CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**(Violation of Civil Rights  - 42 U.S.C § 1983)**
**(Against Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, JONSEN, and DOES 1 thru 70, inclusive)**

159.  Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

160.  As a direct and proximate result of the various individual Defendants' actions and omissions, Plaintiff was deprived of his rights and privileges under the Fourth Amendment, Eighth Amendment, and the Fourteenth Amendment to the United States Constitution and the laws of the State of California, including but not limited to California Civil Code § 43, in that Plaintiff was wrongfully and without proper cause detained, searched, seized, arrested, falsely arrested, incarcerated, maliciously prosecuted, and subjected to unreasonable and excessive force by the Defendants, Plaintiff's real and personal property was searched, seized, and/or destroyed, and Plaintiff was deprived of objectively reasonable medical care or was provided with deliberately indifference medical care while in the care, custody, and control of Defendants.

161.  Defendants, in violation of the Fourth Amendment, conducted a stop/detention of ALVAREZ and when they did so, the stop was not justified by "reasonable suspicion."

162.  Defendants, in violation of the Fourth Amendment, intentionally engaged in an unlawful detention and arrest of ALVAREZ, said acts subjected ALVAREZ to one or more "seizures" under the Fourth Amendment, and said "seizures" were unreasonable.

163.  Defendants, in violation of the Fourth Amendment, conducted a stop/detention of ALVAREZ, thereafter arrested ALVAREZ, the arrest was not justified or supported by "probable cause".

39

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

164. Defendants intentionally committed certain acts that amounted to excessive force, those acts violated ALVAREZ's Fourth Amendment right not to be subjected to excessive force.

165. Defendants' misconduct alleged above violated Plaintiff Alvarez's right to be free from unreasonable and excessive use of force as guaranteed by the 4th Amendment and the 14th Amendment of the United States Constitution.

166. Defendants intentionally committed acts that constituted deadly force against ALAVREZ, Defendants did not have probable cause to believe that ALVAREZ posed a significant threat of serious physical injury to Defendants or others, and/or it would have been feasible for Defendants to give ALVAREZ a warning before using deadly force, but Defendants did not do so.

167. Defendants' misconduct directly and proximately caused Plaintiff ALVAREZ to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, and humiliation.

168. As described in the preceding paragraphs, the conduct of Defendants toward Plaintiff constituted excessive force in violation of the United States Constitution.

169. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

170. In doing the acts complained of herein, Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, acted under the color of the law to violate ALVAREZ's basic human dignity and his right to be free from excessive use of force under the Fourth Amendment to the United States Constitution.

171. Defendants subjected ALVAREZ to Defendants' wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

40

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

172.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Palo Alto and City of Palo Alto Police Department in that:

a.   As a matter of both policy and practice, the City of Palo Alto and City of Palo Alto Police Department directly encourage, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.   As a matter of both policy and practice, the City of Palo Alto and City of Palo Alto Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Defendant police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, City of Palo Alto and City of Palo Alto Police Department police officers accused of excessive force can be confident that the City of Palo Alto and City of Palo Alto Police Department will not investigate those accusations in earnest and will refuse to recommend discipline even where a given officer has engages in the use of excessive force.

c.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Palo Alto and City of Palo Alto Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the City of Palo Alto and City of Palo Alto Police Department make findings of wrongdoing in a disproportionately small number of cases.

d.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the City of Palo Alto and City of Palo Alto Police Department, by which officers

41

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e.  Defendants City of Palo Alto and City of Palo Alto Police Department have failed to act to remedy the patterns of abuse described herein, despite actual knowledge of the same, thereby causing the types of injuries alleged herein;

f.  As a matter of express policy, Defendants City of Palo Alto and City of Palo Alto Police Department do not sufficiently create and/or retain any records properly documenting allegations of excessive force against police officers, thereby preventing the City of Palo Alto and City of Palo Alto Police Department from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

g.  As a matter of express policy, Defendants City of Palo Alto and City of Palo Alto Police Department refuse to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint

173.  As a result of the unjustified and excessive use of force and other violations by Defendant officers, as well as Defendants City of Palo Alto and City of Palo Alto Police Department policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

174.  Defendants, in violation of ALVAREZ's Fourth Amendment rights, initiated the prosecution of ALVAREZ for various alleged criminal offenses.

175.  When Defendants initiated the prosecution of ALVAREZ, the following applied: (1) Defendants initiated the criminal proceeding against ALVAREZ, (2) Defendants lacked probable cause to initiate the proceedings, (3) the criminal proceeding ended in ALVAREZ's favor, (4) Defendants acted maliciously or for a purpose other than bringing ALVAREZ to justice, and (5) as a consequence of the proceeding, ALVAREZ suffered a significant deprivation of liberty.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

176. Plaintiff, as an arrestee, had the rights and privileges of the Fourth Amendment to necessary and proper medical care following the Defendants' use of force against him.

177. Defendants were required to promptly seek medical care and ensure that Plaintiff 's injuries were not exacerbated during the time he remained in police custody.

178. Defendants were deliberately indifferent to the severity of his need for medical attention, took actions which were and are contrary to seeking immediate medical care, and failed to ensure that Plaintiff's medical needs were addressed without further injury.

179. Defendants not only failed to immediately (or ever) and effectively call for medical care, but certain Defendants delayed the medical care from being administered to Plaintiff by never contacting medical personnel to assess Plaintiff after Defendants injured and harmed Plaintiff.

180. One or more of the Defendant officers had a reasonable opportunity to prevent another officer or officers from using excessive force against Plaintiff had they been so inclined, but they failed to do so.

181. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress. The misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

182. Defendants and their employees, officers and agents violated Plaintiff's Fourth Amendment rights to be free from unreasonable seizure of their property by confiscating and then destroying Plaintiffs' property without a warrant.

183. Defendants and their employees, officers, and agents violated ALVAREZ's rights to be free from false arrest. These unlawful actions were done with the specific intent to deprive ALVAREZ of his constitutional rights to be secure in his property.

43

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

184.   ALVAREZ is informed and believes that the acts of Defendants and their employees and agents were intentional in failing to protect and preserve ALVAREZ's property and that, at minimum, Defendants were deliberately indifferent to the likely consequence that the property would be seized and destroyed unlawfully, based on the past circumstances of similar constitutional and statutory violations of the law.

185.   As a direct and proximate consequence of these unlawful acts, ALVAREZ has suffered and continues to suffer loss of his personal property and is entitled to appropriate damages for the loss of and injury to his property.

186.   As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

187.   The misconduct described was undertaken by Defendant police officers within the course and scope of their employment and under color of law such that their employer, City of Palo Alto and City of Palo Alto Police Department are liable for their actions.

188.   The conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, JONSEN, and DOES 1 thru 70, inclusive, and each of them, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

189.   Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

**SECOND CAUSE OF ACTION**
**(Violation of Civil Rights - 42 U.S.C. §1983 - *Monell* Liability)**
**(Against Defendants City of Palo Alto and City of Palo Alto Police Department, Chief Jonsen**
**and DOES 1 thru 70, inclusive)**

44

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

190.  Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

191.  At the time of the incidents complained of herein, ALVAREZ was a civilian and resident of the City of Palo Alto and County of Santa Clara, California, and the Defendant City of Palo Alto, Defendant City of Palo Alto Police Department, and Defendant CHIEF JONSEN, and DOES 1 thru 70, inclusive, by and through its supervisory officials and employees, has been given notice on repeated occasions prior to the unlawful and unconstitutional actions perpetrated against ALVAREZ, of a pattern of ongoing constitutional violations and practices by the individually-named Defendants herein and other employees and officers employed by the City of Palo Alto and City of Palo Alto Police Department in their patrol and other divisions, including, but not limited to, having received notice regarding the use of unlawful detention, unlawful arrest, unlawful use of unreasonable and excessive force, unlawful seizure of property and persons, the failure to provide proper medical care, and other violations of  civil rights and rights under the U.S. Constitution, the California Constitution, and applicable provisions of state and federal law. This includes, but is not limited to notice regarding violations of the First, Fourth Amendment, Eighth Amendment, and the Fourteenth Amendment to the United States Constitution and the laws of the State of California, including but not limited to California Civil Code § 43, in that individuals have been wrongfully and without proper cause detained, arrested, and subjected to unreasonable and excessive force by the City of Palo Alto and the City of Palo Alto Police Department of its officers, agents, employees, and the like, additionally has been placed on notice of deprivations by these individuals of citizens and residents of objectively reasonable medical care and/or instances where care was provided with a deliberate indifference medical care while in the care, custody, and control of Defendants.

45

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

192.  Defendants City of Palo Alto, the City of Palo Alto Police Department, CHIEF JONSEN, and DOES 1 thru 70, inclusive, incorporated general instruction, statutes, ordinances and/or regulations, there were choices by policy making officials, customs existed, there was inadequate training and/or supervision, and there was inadequate screening that caused ALVAREZ to suffer the numerous violations of his rights at the hands of the employees, officers, and agents of CITY and PAPD.

193.  These policies and practices have been and continue to be implemented by Defendants, such as the harassment, deliberate indifference and excessive use of force inflicted by CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, are the proximate cause of the Plaintiff's deprivation of rights secured under the Fourth Amendment.

194.  The force used by CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive was not a good faith effort to maintain or restore order but was applied maliciously and sadistically for the very purpose of causing harm.

195.  Defendants City of Palo Alto, City of Palo Alto Police Department, CHIEF JONSEN, and DOES 1 thru 70, inclusive, by their policy and practice of unlawfully detaining, searching, arresting, and seizing people, and other unlawful conduct such as fabricating and/or withholding information and evidence so as to inculpate innocent parties, is subjecting individuals, including Plaintiff, to serious psychological and physiological harm. Civilian residents and individuals within their jurisdiction should not be afraid of being unlawfully detained and searched by Government actors as if they were in a police state.

196.  Despite said notice, Defendants City of Palo Alto, City of Palo Alto Police Department, CHIEF JONSEN, and DOES 1 thru 70, inclusive, have demonstrated deliberate indifference to this pattern and practice of constitutional violations, having shown deliberate indifference, by failing to take necessary, appropriate, and/or adequate measures to prevent the continued perpetuation of said

46

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

pattern of conduct by their employees and agents. This lack of an adequate supervisorial response by Defendants City of Palo Alto, City of Palo Alto Police Department, CHIEF JONSEN, and DOES 1 thru 70, inclusive, demonstrates the existence of an informal custom, policy, or practice, which tolerates and promotes the continued violation of civil rights of individuals by City of Palo Alto and City of Palo Alto Police Department employees and agents.

197. ALVAREZ is informed and believes that in addition to these long-standing practices and customs, Defendants City of Palo Alto, City of Palo Alto Police Department, CHIEF JONSEN, and DOES 1 thru 70, inclusive, have failed to provide adequate training, or no training at all, on the obligations of the Defendants City of Palo Alto, City of Palo Alto Police Department, CHIEF JONSEN, and DOES 1 thru 70, inclusive, to its employees, agents, officers, and the like to not engage in excessive force, and to conduct themselves as professionals charged with not only ensuring the safety of the City of Palo Alto and City of Palo Alto Police Department staff but the safety of all residents, citizens, and like with whom their officers, employees, and agents come into contact.

198. The acts of the individually-identified Defendants alleged herein are the direct and proximate result of the deliberate indifference of Defendants City of Palo Alto, City of Palo Alto Police Department, CHIEF JONSEN, and DOES 1 thru 70, inclusive, and its/their supervisory officials and employees to violations of the constitutional rights of individuals, including Plaintiff, by the individually-named Defendants and other employees, agents, officers, and the like.

199. The City of Palo Alto, City of Palo Alto Police Department, CHIEF JONSEN, and DOES 1 thru 70, inclusive, have failed to adequately seek out or stop such sadistic behavior as alleged herein by failing to investigate claims of excessive force, unlawful detention and/or arrest, failure to provide medical care, and further failing to adequately discipline, punish, or expel employees,

47

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

agents, officers, and the like who have engaged in the aforementioned and/or similar conduct when handling alleged suspects.

200.  The City of Palo Alto, the City of Palo Alto Police Department, and JONSEN have either provided no training at all in regard to appropriate handling, treatment, and protection of out of custody and in custody individuals, or has received wholly inadequate training with no measurable standards, or no measuring, of the training recipients understanding, retention, and application – or non-application – of training materials and subject matter.

201.  ALVAREZ's injuries were a foreseeable and proximate result of the deliberate indifference of the City of Palo Alto and City of Palo Alto Police Department to the constitutional violations taking place in the City of Palo Alto and City of Palo Alto Police Department, existing as a result of the patterns, practices, customs and/or policies, and/or lack of training or non-existent training, described above.

202.  As a proximate result of defendants' malicious and sadistic conduct, ALVAREZ suffered and continues to suffer injuries and damages as set forth in the paragraphs and subparagraphs herein. The punitive damage allegations of paragraphs and subparagraphs herein apply in this Claim for Relief to all individually-named Defendants.

203.  As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

204.  The conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, JONSEN, and DOES 1 thru 70, inclusive, and each of them, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

1

2

205. Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

3

4

5

6

7

8

**THIRD CAUSE OF ACTION**
**(First Amendment – Free Speech, 42 U.S.C § 1983)**
**(Plaintiff Against Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive)**

9

10

206. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

11

12

13

14

15

207. In doing the acts complained of herein, Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, acted under the color of the law to violate ALVAREZ's rights to free speech, ALVAREZ's actions were all protected activities under the First Amendment of the United States Constitution.

16

17

18

19

20

208. As a proximate result of defendants' malicious and sadistic conduct, ALVAREZ suffered and continues to suffer injuries and damages as set forth in the paragraphs and subparagraphs herein. The punitive damage allegations of paragraphs and subparagraphs herein apply in this Claim for Relief to all individually-named Defendants.

21

22

23

209. As a direct and proximate consequence of these unlawful acts, ALVAREZ has suffered and continues to suffer loss of his persona and real and personal property and is entitled to appropriate damages for the loss of and injury to his person and property.

24

25

26

210. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum

27

49

28

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

211.  The misconduct described was undertaken by Defendant police officers within the course and scope of their employment and under color of law such that their employer, City of Palo Alto and City of Palo Alto Police Department are liable for their actions.

212.  The conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, JONSEN, and DOES 1 thru 70, inclusive, and each of them, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

213.  Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

### FOURTH CAUSE OF ACTION
**(First Amendment and Fourteenth Amendment, 42 U.S.C. §1983 - *Monell* Liability)**
**(Against Defendants City of Palo Alto, City of Palo Alto Police Department, Chief Jonsen and DOES 1 thru 70, inclusive)**

214.  Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

215.  At the time of the incidents complained of herein, ALVAREZ was a resident of the City of Palo Alto County of Santa Clara, California.

216.  The City of Palo Alto and City of Palo Alto Police Department, by and through their supervisory officials and employees, have been given notice of repeated occasions prior to the violation of ALVAREZ's First Amendment rights, of a pattern of ongoing constitutional violations and practices by the individually-named Defendants herein and other officers, employees, agents, and the like employed by the City of Palo Alto and City of Palo Alto Police Department in their patrol and other divisions, including having received notice regarding unlawfully arresting people

50

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

engaged in protected and lawful activity in violation of the First and Fourteenth Amendments to the United States Constitution.

217.   Defendants City of Palo Alto, the City of Palo Alto Police Department, CHIEF JONSEN, and DOES 1 thru 70, inclusive, incorporated general instruction, statutes, ordinances and/or regulations, there were choices by policy making officials, customs existed, there was inadequate training and/or supervision,   and there was inadequate screening that caused ALVAREZ to suffer the numerous violations of his rights at the hands of the employees, officers, and agents of CITY and PAPD.

218.   These policies and practices have been and continue to be implemented by Defendants, such as the harassment by CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON and DOES 1 thru 70, inclusive, and are the proximate cause of the Plaintiff's deprivation of rights secured under the First Amendment.

219.   The City of Palo Alto and City of Palo Alto Police Department, by their policy and practice of suppressing free speech as referenced above, is subjecting individuals, including Plaintiff, to serious psychological and physiological harm as outlined above.

220.   Despite said notice, Defendants City of Palo Alto and City of Palo Alto Police Department, CHIEF JONSEN and DOES 1 thru 70, inclusive, have demonstrated deliberate indifference to this pattern and practice of constitutional violations, having shown deliberate indifference, by failing to take necessary, appropriate, and/or adequate measures to prevent the continued perpetuation of said pattern of conduct by their employees and agents. This lack of an adequate supervisorial response by Defendant City of Palo Alto, Defendant City of Palo Alto Police Department, Defendant CHIEF JONSEN, and DOES 1 thru 70, inclusive, demonstrates the existence of an informal custom, policy, or practice, which tolerates and promotes the continued violation of civil rights of individuals by City of Palo Alto and City of Palo Alto Police Department's agents and employees.

51

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

221. ALVAREZ is informed and believes that in addition to these long-standing practices and customs, the City of Palo Alto, City of Palo Alto Police Department, and CHIEF JONSEN have failed to provide adequate training, or no training at all, on the obligations of City of Palo Alto and City of Palo Alto Police Department officers, employees, agents, and the like to not engage in the suppression of free speech, and to conduct themselves as professionals charged with protecting and defending the Constitution of the United States – not merely acting as storm-troopers for City of Palo Alto and City of Palo Alto Police Department officials.

222. The acts of the individually-identified Defendants alleged herein are the direct and proximate result of the deliberate indifference of Defendant City of Palo Alto, City of Palo Alto Police Department, CHIEF JONSEN and its/their supervisory officials and employees to violations of the constitutional rights of individuals by the individually-named Defendants and other officers, employees, agents, and the like.

223. The City of Palo Alto, City of Palo Alto Police Department, and CHIEF JONSEN has/have failed to adequately seek out or stop such sadistic behavior as alleged herein by failing to investigate claims of free speech violations, and further failing to adequately discipline, punish, or expel deputies who have engaged in the aforementioned and/or similar conduct when handling alleged suspects.

224. The City of Palo Alto, City of Palo Alto Police Department has either provided no training at all in regard to appropriate handling, treatment, and protection of out of custody and in custody individuals, or has received wholly inadequate training with no measurable standards, or no measuring, of the training recipients understanding, retention, and application – or non-application – of training materials and subject matter.

52

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

225.  ALVAREZ 's injuries were a foreseeable and proximate result of the deliberate indifference of the City of Palo Alto and City of Palo Alto Police Department to the constitutional violations taking place in the City of Palo Alto and City of Palo Alto Police Department, existing as a result of the patterns, practices, customs and/or policies, and/or lack of training or non-existent training, described above.

226.  As a proximate result of defendants' malicious and sadistic conduct, ALVAREZ suffered and continues to suffer injuries and damages as set forth in the paragraphs and subparagraphs herein. The punitive damage allegations of paragraphs and subparagraphs herein apply in this Claim for Relief to all individually-named Defendants.

227.  As a direct and proximate consequence of these unlawful acts, ALVAREZ has suffered and continues to suffer loss of his personal property and is entitled to appropriate damages for the loss of and injury to his property.

228.  As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

229.  The misconduct described was undertaken by Defendant police officers within the course and scope of their employment and under color of law such that their employer, City of Palo Alto and City of Palo Alto Police Department are liable for their actions.

230.  The conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, JONSEN, and DOES 1 thru 70, inclusive, and each of them, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

231.  Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

**FIFTH CAUSE OF ACTION**
**(State Created Danger  − 42 U.S.C § 1983)**
**(Plaintiff Against Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive)**

232.  Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

233.  Defendants rendered ALVAREZ more vulnerable to harm by engaging in the conduct described herein.

234.  The harm to ALVAREZ was a foreseeable and direct result of Defendants' conduct.

235.  Defendants acted with conscious disregard of a great risk of serious harm and/or a deliberate indifference.

236.  There was a special relationship as between Defendants' and ALVAREZ as ALVAREZ was a detainee and arrestee within the care, custody, and control of Defendants' and the relationship was therefore different from the Defendants' conduct with the public at large.

237.  Defendants' conduct made ALVAREZ more vulnerable to the harm ALVAREZ suffered.

238.  As a proximate result of defendants' malicious and sadistic conduct, ALVAREZ suffered and continues to suffer injuries and damages as set forth in the paragraphs and subparagraphs herein. The punitive damage allegations of paragraphs and subparagraphs herein apply in this Claim for Relief to all individually-named Defendants.

239.  As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum

54

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

240. The conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, JONSEN, and DOES 1 thru 70, inclusive, and each of them, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

241. Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

**SIXTH CAUSE OF ACTION**
**(Conspiracy to Violate Civil Rights, 42 U.S.C. § 1985)**
**(Against Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES**
**1 thru 70, inclusive)**

242. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

243. In doing the acts complained of herein, Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive and each of them acted in concert and conspired to violate ALVAREZ's federal civil rights.

244. Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same.

245. On information and belief, before, during and after the unwarranted attack on ALVAREZ Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, Defendants conspired for the purpose of impeding, hindering, obstructing, and defeating,

55

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

the due course of justice with regard to ALVAREZ's rights and civil rights and any remedies he may seek to pursue against them in relation to their coordinated and unwarranted attack on ALVAREZ.

246. On information and belief, before, during and after Defendants attacked ALVAREZ, Defendants conspired with the intent to deny ALVAREZ the equal protection of the laws, and/or to injure ALVAREZ and/or his property for lawfully enforcing, or attempting to enforce, the right of ALVAREZ to the equal protection of the laws.

247. Said Defendants conspired with the intent to deny ALVAREZ the opportunity to pursue a course of action against said Defendants for the purpose of preventing said officers from being held administratively, civilly, and/or criminally liable for their actions, with the intent to deny Mr. ALVAREZ access to the court and the ability to pursue criminal, administrative and civil remedies.

248. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

249. The conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, JONSEN, and DOES 1 thru 70, inclusive, and each of them, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

250. Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

### SEVENTH CAUSE OF ACTION
#### (Supervisor Liability, 42 U.S.C § 1983)
#### (Against Defendants BENITEZ and DOES 1 thru 70, inclusive)

251. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

56

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

252.  Defendant SGT. BENITEZ directed his subordinates, Defendants CONDE, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, to take the action in question.

253.  Defendant SGT. BENITEZ had actual knowledge of, participated in, and encouraged Defendants CONDE, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive violations of ALVAREZ's rights and SGT. BENITEZ acquiesced in that violation.

254.  Thus, Defendant SGT. BENITEZ with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violations.

255.  While acting under color of state law as a Sergeant/Supervisor in the City of Palo Alto and City of Palo Alto Department, Defendant SGT. BENITRZ knew that his subordinates, including Defendants CONDE, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, were engaging in the unlawful acts alleged herein and that his subordinates' conduct was depriving Plaintiff of his constitutional rights.

256.  In doing the acts as alleged herein, Defendant SGT. BENITEZ inadequately trained, supervised and controlled his subordinate officers/Defendants CONDE, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive; he acquiesced in the deprivation of Plaintiff's constitutional rights and his subordinate officers' use of excessive and unreasonable force, and other constitutional violations and other violations alleged herein  and he acted in a manner that showed a reckless and callous indifference to the rights of others, specifically ALVAREZ.

257.  As a legal result of Defendant SGT. BENITEZ's actions and omissions as described, Defendant SGT. BENITEZ deprived ALVAREZ of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution, other state and federal constitutional provisions, and other state and local laws, and applied to state actors by the Fourteenth Amendment.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

258.  As a legal result of Defendant SGT. BENITEZ's acts and omissions as described, ALVAREZ suffered extreme pain and suffering. ALVAREZ suffered serious physical injuries and incurred other damages, as described herein and ALVAREZ continues to experience pain and suffering from the injuries he sustained at the hands of Defendants.

259.  Defendant SGT. BENITEZ committed the herein and aforementioned acts and omissions knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass and oppress ALVAREZ with conscious disregard of ALVAREZ's known rights and by reasons thereof, ALVAREZ seeks punitive and exemplary damages from Defendant SGT. BENITEZ individually, in an amount according to proof.

260.  As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

261.  The conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, JONSEN, and DOES 1 thru 70, inclusive, and each of them, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

262.  Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

**EIGHTH CAUSE OF ACTION**
**(Bane Act, California Civil Code § 57.1)**
**(Against All Defendants)**

263.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

58

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

264. The conduct of Defendants, including, but not necessarily limited to Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON and DOES 1 thru 70, inclusive, as described herein violated California Civil Code § 52.1, in that they interfered with ALVAREZ's exercise and enjoyment of his civil rights, as enumerated above, through excessive force, through unreasonable searches and seizures, through the violations of his First Amendment Rights, and through the other violations of his other civil rights, as alleged herein.

265. As a direct and proximate result of Defendants' (CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON and DOES 1 thru 70, inclusive) violations of Civil Code § 52.1, ALVAREZ suffered violations of his State and Federal constitutional rights, and suffered damages as set forth in the paragraphs contained herein and within this complaint. The punitive damage allegations of paragraph and paragraphs apply in this Claim for Relief to all individually-named Defendants.

266. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy and by threats, intimidation, or coercion, as described above, violated the Plaintiff's rights under California Civil Code Section §52.1, and the following clearly established rights under the United States Constitution, and the laws of the State of California and the California Constitution:

    a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be from excessive and unreasonable force in the course of search or seizure as secured by the Fourth and Fourteenth Amendments;

    c.    The right to be free from wrongful government interference in one's freedom of association with others, as secured by the First, Fourth, and Fourteenth Amendments;

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

d.   The right to be from unlawful and unreasonable seizures of one's person, including the right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

e.   The right to be free from wrongful government interference in one's freedom of expression and freedom of assembly and association with others, as secured by the California Constitution, Article 1, Section 2;

f.   The right to protection from bodily restraint, harm, personal insult, or injury to personal relations, as secured by California Civil Code § 43;

g.   The right to receive adequate and necessary medical care while in pre-arraignment custody, rather than deliberately indifferent or objectively not reasonable or objectively not reasonable medical care during such custody, as secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments.

267.   As a direct and proximate result of each and every Defendants' violations of California Civil Code § 52.1 and of Plaintiff's rights under the United States Constitution and the laws and Constitution of the State of California, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at paragraphs contained herein, including punitive damages against the defendants in their individual capacities, including all damages and penalties allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys fees, civil penalties, and punitive damages. Further, Defendants' violations of Plaintiff's rights as guaranteed by the California Civil Code (§ 52.1) entitled Plaintiff to compensatory and punitive damages, treble damages, as well as attorneys fees, all of which are provided for in the California Civil Code §§ 52, et seq., and are requested herein.

60

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

268. Since the conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON and DOES 1 thru 70, inclusive, occurred in the course and scope of their employment, Defendant(s) City of Palo Alto and City of Palo Alto Police Department are therefore liable to ALVAREZ pursuant to *respondeat superior*.

**NINTH CAUSE OF ACTION**
**(Ralph Act, California Civil Code § 52.1)**
**(Against All Defendants)**

269. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein

270. ALVAREZ is a homosexual male.

271. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants is not a member of the protected class to which ALVAREZ belongs (i.e. ALVAREZ a homosexual male).

272. During contacts with officers, ALVAREZ's sexual orientation was communicated to Defendants and other PAPD officers.

273. After Defendants and other learned of ALVAREZ's sexual orientation, he was mocked, made fun of and humiliated because of his sexual orientation while in the custody of the PAPD.

274. Plaintiff is informed and believes, and on that basis alleges, that the incidents described herein were motivated by Defendants' hatred and prejudice of *homosexual males.*

275. Defendants, by their use of violence and threats of violence against ALVAREZ because of ALVAREZ's sexual orientation, violated ALVAREZ's right to be free from violence or intimidation by threats of violence as guaranteed by CA Civil Code § 51.7.

276. As a direct and proximate result of the conduct of Defendants, and each of them, plaintiff has suffered and will continue to suffer harm, as described herein.

61

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

277. Since the conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON and DOES 1 thru 70, inclusive, occurred in the course and scope of their employment, Defendant(s) City of Palo Alto and City of Palo Alto Police Department are therefore liable to ALVAREZ pursuant to *respondeat superior*.

278. Defendants' violation of plaintiff's rights as guaranteed by CA Civil Code § 51.7 entitles plaintiff to compensatory and punitive damages, a $25,000 civil penalty, attorney fees, and injunctive relief, all of which are provided for in CA Civil Code § 5w and are requested herein.

279. In doing the acts alleged in this complaint, Defendants knew or should have known that their actions were likely to injure plaintiff. Plaintiff is informed and believes, and on that basis alleges, that defendants intended to cause injury to plaintiff and acted with a willful and conscious disregard of plaintiff's rights as secured by CA Civil Code § 51.7, thus entitling plaintiff to recover punitive damages pursuant to CA Civil Code § 52(b)(1).

280. Wherefore, Plaintiff requests judgment for this Cause of Action as follows: general damages according to proof, special damages according to proof, punitive damages pursuant to CA Civil Code § 52(b)(1), a statutory civil penalty of $25,000 pursuant to CA Civil Code § 52(b)(1) (For each instance), reasonable attorney fees, according to proof, pursuant to CA Civil Code § 52(b)(3), Plaintiff's cost of suit, and such other relief as the court deems just and proper.

//

### TENTH CAUSE OF ACTION
### (ASSAULT)
### (Against All Defendants)

281. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

282.   Defendant officers, and each of them, by committing multiple act(s) of violence against Plaintiff, placed Plaintiff in immediate fear of great bodily harm. Plaintiff did not consent to such violent and offensive acts and contact by these defendants.

283.   As a proximate result of the intentional and wrongful conduct of Defendant officers, and each of them, Plaintiff suffered damages.

284.   Since the conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, and the injuries to ALVAREZ that they inflicted, occurred in the course and scope of their employment, Defendants CITY, PAPD, and CHIEF JONSEN are therefore liable to ALVAREZ pursuant to *respondeat superior*.

285.   Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

286.   Plaintiff also requests costs and attorney's fees in accordance with any/all applicable statutes.

**ELEVENTH CAUSE OF ACTION**
**(BATTERY)**
**(Against All Defendants)**

287.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

288.   The conduct of CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, as set forth herein, brought ALVAREZ into offensive and unwelcome contact with  as described above.

289.   At all relevant times, ALVAREZ found the contact(s) by CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, to be offensive to his person and dignity.

63

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

290.  At no time did ALVAREZ consent to any of the acts by CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive,

291.  As a direct and proximate result of CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, actions above, ALVAREZ was physically harmed and/or experienced offensive contact with his person.

292.  As a proximate result of Defendant BENITEZ, DESTEFANO AND CONDE's wrongful conduct, ALVAREZ suffered injuries and damages as set forth in paragraphs 78-82.  The punitive damage allegations of paragraph  apply in this Claim for Relief to BENITEZ, DESTEFANO AND CONDE.

293.  Since the conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, and the injuries to ALVAREZ that they inflicted, occurred in the course and scope of their employment, Defendants CITY, PAPD and CHIEF JONSEN are therefore liable to ALVAREZ pursuant to *respondeat superior*.

294.  Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

295.  Plaintiff also requests costs and attorney's fees in accordance with any/all applicable statutes.


**TWELFTH CAUSE OF ACTION**
**(CONVERSION)**
**(Against All Defendants)**

296.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

64

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

297.  ALVAREZ was in possession of his personal property at the time that Defendants' agents, officers and employees (including, but not necessarily limited to Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive) ordered that the property be seized. Defendants' agents, officers, and employees unlawfully prohibited Plaintiffs keeping possession of his personal property.

298.  Defendants, their agents and employees, had a duty owed to ALVAREZ to protect his personal property, including, but not limited to the duties set forth in California Civil Code §§ 2080.2, 2080.4 and 2080.6. Plaintiffs' property was not abandoned at the time that Defendants seized the property. Defendants breached the duty to protect ALVAREZ's personal property when they wrongly exerted dominion over the property and denied ALVAREZ his constitutional and statutory rights.

299.  Defendants had no legitimate governmental interest that gave their agents and employees the legal right or justification to confiscate and/or damage ALVAREZ's property.

300.  As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff has suffered and continues to suffer loss of his personal property and is entitled to damages in an amount according to proof, to be proven at trial.

301.  Since the conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, and the injuries to ALVAREZ that they inflicted, occurred in the course and scope of their employment, Defendants CITY, PAPD and CHIEF JONSEN are therefore liable to ALVAREZ pursuant to *respondeat superior*.

302.  Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

303.  Plaintiff also requests costs and attorney's fees in accordance with any/all applicable statutes.

65

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

### THIRTEENTH CAUSE OF ACTION
### (TRESPASS)
### (Against All Defendants)

304.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

305.  Defendants (including, but not necessarily limited to Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive) trespassed on ALVAREZ's property.

306.  ALVAREZ owned, leased, occupied, and/or controlled the property.

307.  Defendants intentionally, recklessly and/or negligently entered ALVAREZ's property intentionally, recklessly and/or negligently caused another person to enter ALVAREZ's property.

308.  ALVAREZ did not give permission for the entry.

309.  ALVAREZ was actually harmed.

310.  Defendants' entry/conduct was a substantial factor in causing Plaintiff's harm.

311.  As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff has suffered and continues to suffer loss of his personal and/or real property and is entitled to damages in an amount according to proof, to be proven at trial.

312.  Since the conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, and the injuries to ALVAREZ that they inflicted, occurred in the course and scope of their employment, Defendants CITY, PAPD and CHIEF JONSEN are therefore liable to ALVAREZ pursuant to *respondeat superior*.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

313.  Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

314.  Plaintiff also requests costs and attorney's fees in accordance with any/all applicable statutes.

### FOURTEENTH CAUSE OF ACTION
### (TRESPASS TO CHATTELS)
### (Against All Defendants)

315.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

316.  Defendants (including, but not necessarily limited to Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive) wrongfully trespassed on ALVAREZ's personal property.

317.  ALVAREZ owned, possessed, and/or had a right to possess various items of personal property.

318.  Defendants intentionally interfered with ALVAREZ's use and/or possession of the various items of ALVAREZ's personal property and/or damaged ALVAREZ's personal property.

319.  ALVAREZ did not consent.

320.  ALVAREZ was harmed.

321.  Defendants' conduct was a substantial factor in causing ALVAREZ's harm.

322.  As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff has suffered and continues to suffer loss of his real and/or personal property and is entitled to damages in an amount according to proof, to be proven at trial.

67

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

323. Since the conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, and the injuries to ALVAREZ that they inflicted, occurred in the course and scope of their employment, Defendants CITY, PAPD and CHIEF JONSEN are therefore liable to ALVAREZ pursuant to *respondeat superior*.

324. Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

## FIFTEENTH CAUSE OF ACTION

### (CIVIL CONSPIRACY)
### (Against All Defendants)

325. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

326. As described more fully in the preceding paragraphs, the Defendant officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by one or more unlawful means.

327. In furtherance of the conspiracy, the Defendant officers committed overt acts and were otherwise willful participants in joint activity.

328. Said misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of others.

329. As a proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including severe emotional distress and anguish.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

330.  As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff has suffered and continues to suffer loss of his real and/or personal property and is entitled to damages in an amount according to proof, to be proven at trial.

331.  Since the conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, and the injuries to ALVAREZ that they inflicted, occurred in the course and scope of their employment, Defendants CITY, PAPD and CHIEF JONSEN are therefore liable to ALVAREZ pursuant to *respondeat superior*.

332.  Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

333.  Plaintiff also requests costs and attorney's fees in accordance with any/all applicable statutes.

### SIXTEENTH CAUSE OF ACTION
### (NEGLIGENCE)
### (Against All Defendants)

334.  ALVAREZ incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

335.  At all times mentioned herein, each Defendant and all Defendants and DOES 1 thru 70, inclusive, owed ALVAREZ a duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

336.  At all times, each Defendant and all Defendants and DOES 1 thru 70, inclusive, owed ALVAREZ a duty to act with reasonable care.

69

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

337. These general duties of reasonable care and due care owed to ALVAREZ by each each Defendant and all Defendants and DOES 1 thru 70, inclusive, include, but are not limited to the following specific obligations:

a.   to refrain from using excessive and/or unreasonable force against ALVAREZ;

b.   to refrain from wrongfully arresting and/or detaining ALVAREZ;

c.   to refrain from conduct that constitutes a substantial factor causing the violation of ALVAREZ's rights;

d.   to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

e.   to refrain from abusing their authority granted to them by law;

f.   to refrain from recommending criminal charges against ALVAREZ when they lacked probable cause;

g.   to refrain from violating ALVAREZ's rights guaranteed by law, including but not limited to freedom of assembly, freedom of association, and freedom of expression;

h.   To provide adequate and necessary medical care to citizens in pre-arraignment custody, rather than deliberately indifferent or objectively not reasonable or objectively not reasonable medical care during such custody.

338. Additionally, these general duties of reasonable care and due care owed to ALVAREZ by each Defendant and all Defendants and DOES 1 thru 70, inclusive, include, but are not limited to the following obligations:

a.   to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents and/or PAPD officers to ensure that those employees/agents/officers act at all times in the public interest and in conformity with law;

70

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

b.   to make, enforce, and at all times act in conformity with policies and customs that are lawful and protective of individual rights, including ALVAREZ's;

c.   to refrain from making, enforcing, and/or tolerating the wrongful policies and customs as set forth in the paragraphs herein and as incorporated by reference.

339.   Each Defendant and all Defendants' and DOES 1 thru 70, inclusive, violations of ALVAREZ's right to be free from detention without reasonable suspicion, arrest without probable cause, use of unnecessary, excessive, unreasonable force, violation of his right to freedom of expression and freedom of assembly and association, and all other violations committed by each defendant and all defendants against ALVAREZ also constitute negligence *per se*.

340.   Each Defendant and all Defendants and DOES 1 thru 70, inclusive, through their aforesaid acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

341.   Defendants CITY, PAPD, CHIEF JONSEN, and DOES 1 thru 70, inclusive,   are also vicariously liable for the negligent conduct of those other defendants herein under their respective hiring, control, and supervision, in accordance with the principle of *respondeat superior*. Under Government Code section 820(a), public employees such as police officers may be held liable to the same extent as private persons under general tort principles, and when such liability arises, the entity is typically vicariously liable under Government Code section 815.2, unless an immunity applies.

342.   As a direct and proximate result of each Defendant and all Defendants' and DOES 1 thru 70, inclusive, act(s) of negligence, ALVAREZ sustained injuries and damages, and is entitled to relief.

343.   Since the conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, and the injuries to ALVAREZ that they inflicted, occurred in the course and scope of their employment, Defendants CITY, PAPD and CHIEF JONSEN are therefore liable to ALVAREZ pursuant to *respondeat superior*.

71

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

344.  Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

### SEVENTEENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### (Plaintiff ALVAREZ Against All Defendants)

345.  ALVAREZ incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

346.  The conduct of each Defendant and all Defendants and DOES 1 thru 70, inclusive, was intentional, outrageous, malicious, and done with ill will and with the intent to cause ALVAREZ to suffer humiliating mental anguish, as well as emotional and physical distress. Each Defendant and all Defendants and DOES 1 thru 70, inclusive, are liable for this cause of action for committing a breach and for the allegations addressed and alleged in all paragraphs contained within this complaint.

347.  The conduct of each Defendant and all Defendants and DOES 1 thru 70, inclusive, was so severe and outrageous that as a proximate result, ALVAREZ suffered humiliation, mental anguish, and emotional and physical distress. ALVAREZ was beaten and  unlawfully detained and arrested in front of his family members. ALVAREZ has exhibited manifestations of the humiliation, mental anguish, and emotional distress he suffered, including, but not limited to, sleeplessness, anxiety, nightmares, ruminating on the events, and/or crying. Due to the harassment and abuse perpetrated by the City of Palo Alto Police Department and its officers against Plaintiff (each Defendant and all Defendants and DOES 1 thru 70, inclusive) ALVAREZ has an extreme fear of police.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

348.  Each Defendant and all Defendants and DOES 1 thru 70, inclusive, knowingly and willfully conspired and agreed among themselves to inflict emotional distress upon ALVAREZ. The officers on scene conspired to injure ALVAREZ, emotionally and physically abuse him, unlawfully detain and arrest him, unlawfully damage and seize his personal property.

349. As a direct and proximate cause and result of the conduct of each Defendant and all Defendants and DOES 1 thru 70, inclusive, as alleged herein, ALVAREZ suffered physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish. Accordingly, he has suffered past and future general damages in amounts to be determined by proof at trial.

350.  As a direct and proximate result of each Defendant and all Defendants' and DOES 1 thru 70, inclusive, conduct, ALVAREZ suffered past and future special damages in amounts to be determined by proof at trial.

351. Defendants CITY, PAPD, CHIEF JONSEN, and DOES 1 thru 70, inclusive,  are also vicariously liable for the negligent conduct of those other defendants herein under their respective hiring, control, and supervision, in accordance with the principle of *respondeat superior*. Under Government Code section 820(a), public employees such as police officers may be held liable to the same extent as private persons under general tort principles, and when such liability arises, the entity is typically vicariously liable under Government Code section 815.2, unless an immunity applies.

352. Since the conduct of Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1 thru 70, inclusive, and the injuries to ALVAREZ that they inflicted, occurred in the course and scope of their employment, Defendants CITY, PAPD and CHIEF JONSEN are therefore liable to ALVAREZ pursuant to *respondeat superior*.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

353.  Plaintiff sustained injuries and damages as set forth in Paragraphs 152 thru 158, above, and in a sum not yet completely ascertained but in excess of $10 million or in an amount subject to proof at trial but above any jurisdictional limits/minimum of this Court.

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.  Award Plaintiff general, special and compensatory damages in an amount to be proven at trial., including, but not limited to compensation for emotional distress, pain and suffering, loss of earnings, according to proof at the time of trial;

2.  Award Plaintiff punitive damages against individually named Defendants, and each of them, for their extreme and outrageous conduct in complete disregard for the rights of the Plaintiff;

3.  For punitive and exemplary damages as against the individual defendants commensurate with the acts complained herein;

4.  For costs of suit and reasonable attorneys' fees;

5.  For actual damages, punitive and exemplary damages, a civil penalty of $25,000.00, and attorneys fees under CA Civil Code §§ 52 and 52.1;

6.  Award Plaintiff statutory damages and/or attorney's fees against all Defendants as allowed by 42 U.S.C. §1988.

7.  Grant Plaintiff such other and further relief as requested herein and in accordance with local, state, and federal provisions with respect to damages, attorney's fees, and costs.

74

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

8. For an Order to Defendants City of Palo Alto and City of Palo Alto Police Department to institute and carry out policies, practices and procedures regarding the detention, arrest, handling, and transport of persons such as Plaintiff and with respect to officers drafting reports, reporting incidents, testifying truthfully, and the like, and to train its police officers such that they actually utilize such policies, procedures, and practices.

9. Grant Plaintiff such other and further relief as the Court deems just and proper.

## I. JURY DEMAND

Plaintiff demands a trial by jury in this matter, pursuant to FRCP 38(a).

//

//

//

//

//

//

//

//

//

//

//

//

//

75

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.

Dated: April 29, 2019

THE SALFEN LAW FIRM
A Professional Law Corporation


/s/
CODY B.K. SALFEN, ESQ.
*Counsel for Plaintiff*

//

Dated: April 29, 2019


THE GORDON LAW GROUP


/s/   Samuel J. Gordon
SAMUEL J. GORDON, ESQ.
*Counsel for Plaintiff*

76

Complaint for Violation of Civil Rights
Jury Trial Demanded
Gustavo Alvarez v. City of Palo Alto, et al.