1  **TODD H. MASTER [SBN. 185881]**
   tmaster@hrmrlaw.com
2  **SHAWN M. RIDLEY [SBN. 144311]**
   sridley@hrmrlaw.com
3  **HOWARD ROME MARTIN & RIDLEY LLP**
   1900 O'Farrell Street, Suite 280
4  San Mateo, CA  94403
   Telephone:     (650) 365-7715
5  Facsimile:      (650) 364-5297

6  Attorneys for Defendant
   PALO ALTO POLICE OFFICER CHRISTOPHER CONDE

7

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

12

13

14  GUSTAVO ALVAREZ,                          Case No. 5:19-cv-02328 NC

15                 Plaintiff,                 **DEFENDANT PALO ALTO POLICE
                                              OFFICER CHRISTOPHER CONDE'S**
16           vs.                              **ANSWER TO COMPLAINT FOR
                                              VIOLATIONS OF CIVIL RIGHTS**
17  CITY OF PALO ALTO, et al.
                                              **JURY TRIAL DEMANDED**
18                 Defendants.

19

20

21

22        COMES NOW Defendant PALO ALTO POLICE OFFICER CHRISTOPHER CONDE

23  and in answer to Plaintiff's Complaint for Violations of Civil Rights [Document 1] on file herein

24  admits, denies and alleges as follows:

                                  **INTRODUCTION**
25
        1.      In answer to Paragraph 1 of the Complaint:
26

_____
DEFENDANT PALO ALTO POLICE OFFICER CHRISTOPHER CONDE'S ANSWER TO COMPLAINT FOR
VIOLATION OF CIVIL RIGHTS; Case No. 5:19-cv-02328 NC                                    1

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA  94403
TELEPHONE (650) 365-7715

1        Answering Defendant denies the allegations contained in the first and tenth sentences.

Answering Defendant alleges that he does not have sufficient information or belief to enable him to answer the allegations of the second, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-sixth and twenty-seventh sentences and, basing his denial on that ground, denies the allegations therein.

Responding to the third sentence, Answering Defendant admits that there was damage to the front door of the mobile home residence, that plaintiff's vehicle was towed, and that plaintiff was booked into jail.  Answering Defendant denies the remaining allegations contained in the sentence.

Responding to the fourth sentence, Answering Defendant admits that he initiated the contact with plaintiff at or about the area of a driveway in a mobile home park in the City of Palo Alto.  Answering Defendant denies the remaining allegations contained in the sentence.

Responding to the fifth sentence, Answering Defendant admits that his decision to detain plaintiff was based on his observation of plaintiff driving a motor vehicle on a public street and his reasonable suspicion what plaintiff was doing so with a suspended driver's license.

Responding to the sixth sentence, Answering Defendant admits that based on his experience with plaintiff and information in his possession, he had reasonable suspicion that plaintiff was driving with a suspended driver's license. Answering Defendant denies the remaining allegations in this sentence.

Responding to the seventh sentence, Answering Defendant admits that he asked for additional Palo Alto Police officers to respond to the scene after initiating contact with plaintiff and that additional police officers did respond to the scene.  Answering Defendant denies the remaining allegations contained in the sentence.

Answering Defendant admits the allegations contained in the eighth, twenty-second and twenty-fourth sentences.

Responding to the ninth sentence, Answering Defendant admits that the motor vehicle was

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA  94403
TELEPHONE (650) 365-7715

parked in the driveway, that plaintiff was ordered to exit the mobile home, that an officer kicked open the door to the mobile home, and that one or more officers pulled plaintiff out and onto the hood of the motor vehicle. Answering Defendant denies the remaining allegations in the sentence.

Responding to the twenty-third sentence, Answering Defendant admits that criminal proceedings were commenced against plaintiff, but denies the remaining allegations in this sentence.

Responding to the twenty-fifth sentence, Answering Defendant admits that he testified during the hearing, but does not have sufficient information or belief to enable him to answer the remaining allegations therein and, basing his denial on that ground, denies those allegations.

## NATURE OF THE ACTION

2.      Answering the allegations contained in Paragraph 2 of the Complaint, Answering Defendant admits that plaintiff is bringing the claims alleged therein, but Answering Defendant denies depriving or violating plaintiff's rights.

## JURISDICTION

3.      Answering the allegations contained in Paragraphs 3 through 6 of the Complaint, Answering Defendant acknowledges the jurisdiction of this Court.

## VENUE AND INTRADISTRICT ASSIGNMENT

4.      Answering the allegations contained in Paragraphs 7 through 10 of the Complaint, Answering Defendant acknowledges proper venue.

## PARTIES

5.      Answering the allegations contained in Paragraph 11 of the Complaint, Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

6.      Answering Defendant admits the allegations contained in Paragraphs 12, 13 and 14 of the Complaint.

7.      Answering the allegations contained in Paragraph 15 of the Complaint, Answering Defendant admits that he is and was a police officer acting under color of authority of, and in the course and scope of his employment with the City.  Answering Defendant denies the remaining allegations in this paragraph.

8.      Answering the allegations contained in Paragraph 16 of the Complaint, Answering Defendant, to the best of his understanding, admits that Sgt. Benitez was and is a police sergeant for the City of Palo Alto.  Answering Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations contained therein, and accordingly denies them.

9.      Answering the allegations contained in Paragraph 17 of the Complaint, Answering Defendant, to the best of his understanding, admits that Agent Thomas Alan Destefano Jr. was and is a police officer for the City of Palo Alto.  Answering Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations contained therein, and accordingly denies them.

10.     Answering the allegations contained in Paragraph 18 of the Complaint, Answering Defendant, to the best of his understanding, admits that Officer Thomas Hubbard was and is a police officer for the City of Palo Alto.  Answering Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations contained therein, and accordingly denies them.

11.     Answering the allegations contained in Paragraph 19 of the Complaint, Answering Defendant, to the best of his understanding, admits that Officer Ian Johnson was and is a police officer for the City of Palo Alto.  Answering Defendant lacks sufficient information and belief upon which to admit or deny the remaining allegations contained therein, and accordingly denies them.

12.     Answering the allegations contained in Paragraph 20 of the Complaint, Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA  94403
TELEPHONE (650) 365-7715

13.     Answering Defendant denies the allegations contained in Paragraphs 21 and 22 of the Complaint.

14.     Answering the allegations contained in Paragraph 23 of the Complaint, Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

15.     Answering the allegations contained in Paragraph 24 of the Complaint, there is no charging allegation upon which to respond.

16.     Answering the allegations contained in Paragraphs 25 and 26 of the Complaint, Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

17.     Answering the allegations contained in Paragraph 27 of the Complaint, Answering Defendant admits that he acted under color of law.  Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies those allegations.

18.     Answering the allegations contained in Paragraph 28 of the Complaint, there is no charging allegation upon which to respond.

**CLAIMS PROCEDURE**

19.     Answering the allegations contained in Paragraphs 29, 30 and 31 of the Complaint, Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of these paragraphs and, basing his denial on that ground, denies the allegations therein.

**FACTUAL ALLEGATIONS**

20.     Answering the allegations contained in Paragraph 32 of the Complaint, there is no charging allegation upon which to respond.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

21.     Answering the allegations contained in Paragraph 33 of the Complaint, Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

22.     Answering Defendant denies the allegations contained in Paragraphs 34 and 35 of the Complaint.

23.     Answering Defendant admits the allegations contained in Paragraph 36 of the Complaint.

24.     Answering the allegations contained in Paragraph 37 of the Complaint, Answering Defendant admits that Sgt. Benitez was a supervisor on or about February 17, 2018. Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies those allegations.

25.     Answering the allegations contained in Paragraph 38 of the Complaint, Answering Defendant admits that Sgt. Benitez participated in the police contact with plaintiff on February 17, 2018. Answering Defendant denies the remaining allegations contained in this paragraph.

26.     Answering the allegations contained in Paragraphs 39 and 40 of the Complaint, Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of these paragraphs and, basing his denial on that ground, denies the allegations therein.

27.     Answering Defendant admits the allegations contained in Paragraphs 41 and 42 of the Complaint.

28.     Answering Defendant denies the allegations contained in Paragraph 43 of the Complaint.

29.     Answering the allegations contained in Paragraph 44 of the Complaint, Answering Defendant admits that he recognized the vehicle as being associated with plaintiff. Answering Defendant denies the remaining allegations of this paragraph.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 OFARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

30.     Answering Defendant admits the allegations contained in Paragraphs 45 and 46 of the Complaint.

31.     Answering the allegations contained in Paragraph 47 of the Complaint, Answering Defendant admits that the records check concerned the registration of the vehicle and did not provide information concerning the status of plaintiff's driver's license.  Answering Defendant denies the remaining allegations of this paragraph.

32.     Answering Defendant denies the allegations contained in Paragraphs 48 and 49 of the Complaint.

33.     Answering the allegations contained in Paragraph 50 of the Complaint, Answering Defendant decided to detain plaintiff when he saw plaintiff drive his registered vehicle into a driveway from a public roadway, park the vehicle, and exit the driver's side door of said vehicle. Answering Defendant denies the remaining allegations of this paragraph.

34.     Answering Defendant admits the allegations contained in Paragraph 51 of the Complaint.

35.     Answering the allegations contained in Paragraph 52 of the Complaint, Answering Defendant admits that he reasonably suspected that plaintiff had a suspended driver's license given his experience with plaintiff and his recent communications about plaintiff's driver's license with other officers.  Answering Defendant denies the remaining allegations in this paragraph.

36.     Answering the allegations contained in Paragraph 53 of the Complaint, Answering Defendant admits that he lost sight of plaintiff's vehicle for approximately two seconds while it was moving within a public roadway, but that he regained a visual of plaintiff's vehicle while it was still moving and not yet parked.  Answering Defendant denies the remaining allegations in this paragraph

37.     Answering the allegations contained in Paragraph 54 of the Complaint, Answering Defendant admits seeing the vehicle parked in a driveway of a mobile home in the City of Palo Alto. Answering Defendant alleges that he is without sufficient information or belief to enable him

1  to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies

2  the remaining allegations therein.

3      38.     Answering the allegations contained in Paragraph 55 of the Complaint, Answering

4  Defendant admits that he saw plaintiff's vehicle parked in the driveway associated with a mobile

5  home in the City of Palo Alto.  Answering Defendant alleges that he is without sufficient

6  information or belief to enable him to answer the remaining allegations of this paragraph and,

7  basing his denial on that ground, denies the remaining allegations therein.

8      39.     Answering Defendant denies the allegations contained in Paragraphs 56 and 57 of

9  the Complaint.

10      40.     Answering the allegations contained in Paragraph 58 of the Complaint, Answering

11  Defendant admits not having an arrest warrant or search warrant, but denies the remaining

12  allegations in this paragraph.

13      41.     Answering Defendant admits the allegations contained in Paragraph 59 of the

14  Complaint.

15      42.     Answering the allegations contained in Paragraph 60 of the Complaint, Answering

16  Defendant admits telling plaintiff that he was detained whilst plaintiff was standing in a driveway.

17  Answering Defendant alleges that he is without sufficient information or belief to enable him to

18  answer the remaining allegations of this paragraph and, basing his denial on that ground, denies the

19  remaining allegations therein.

20      43.     Answering the allegations contained in Paragraph 61 of the Complaint, Answering

21  Defendant admits that he did not know with absolute certainty that plaintiff's license was

22  suspended, but he had reasonable suspicion of such and therefore denies any implication that this

23  statement negates the legality of the detention.

24      44.     Answering the allegations contained in Paragraph 62 of the Complaint, Answering

25  Defendant admits that he recalls giving similar testimony, but denies any implication that his

26  testimony negates the legality of the detention.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA  94403
TELEPHONE (650) 365-7715

_____

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

45.     Answering the allegations contained in Paragraph 63 of the Complaint, Answering Defendant admits that he did not have time to verify his reasonable suspicion that plaintiff had a suspended driver's license before he made contact with plaintiff.  Answering Defendant also admits that the detention of plaintiff was not pursuant to warrant.  Answering Defendant denies the remaining allegations in this paragraph

46.     Answering the allegations contained in Paragraph 64 of the Complaint, Answering Defendant admits that he had reasonable suspicion to believe that plaintiff had a suspended license on February 17, 2018.  Answering Defendant denies the other allegations of this paragraph.

47.     Answering the allegations contained in Paragraph 65 of the Complaint, Answering Defendant admits that his report communicates that he had reasonable suspicion that plaintiff's license was suspended.

48.     Answering Defendant denies the allegations contained in Paragraphs 66 through and inclusive of 69 of the Complaint.

49.     Answering the allegations contained in Paragraph 70 of the Complaint, Answering Defendant admits that plaintiff questioned him during contact, but alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies the remaining allegations therein.

50.     Answering the allegations contained in Paragraph 71 of the Complaint, Answering Defendant admits that there were a number of communications between them. Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies the remaining allegations therein.

51.     Answering the allegations contained in Paragraph 72 of the Complaint, Answering Defendant admits plaintiff asking him why he was being detained. Answering Defendant denies the other allegations of this paragraph.

_____

DEFENDANT PALO ALTO POLICE OFFICER CHRISTOPHER CONDE'S ANSWER TO COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; Case No. 5:19-cv-02328 NC                9

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

52.     Answering Defendant admits the allegations contained in Paragraph 73 of the Complaint.

53.     Answering Defendant denies the allegations contained in Paragraph 74 of the Complaint.

54.     Answering the allegations contained in Paragraph 75 of the Complaint, Answering Defendant admits that plaintiff asked if he had an arrest warrant and that he told plaintiff that he was legally being detained.  Answering Defendant denies the other allegations of this paragraph.

55.     Answering Defendant denies the allegations contained in Paragraphs 76 and 77 of the Complaint.

56.     Answering the allegations contained in Paragraph 78 of the Complaint, Answering Defendant admits that plaintiff refused to comply with lawful orders. Defendant alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies the remaining allegations therein.

57.     Answering the allegations contained in Paragraph 79 of the Complaint, Answering Defendant admits that plaintiff went inside the mobile home and that Answering Defendant returned to his patrol car which was parked near the driveway.  Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies the remaining allegations therein.

58.     Answering Defendant admits the allegations contained in Paragraphs 80 and 81 of the Complaint.

59.     Answering the allegations contained in Paragraph 82 of the Complaint, Answering Defendant admits that the officers mentioned in this paragraph responded to the scene.  Answering Defendant denies the remaining allegations in this paragraph.

60.     Answering Defendant admits the allegations contained in Paragraph 83 of the Complaint.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA  94403
TELEPHONE (650) 365-7715

61.     Answering the allegations contained in Paragraph 84 of the Complaint, Answering Defendant admits that he was wearing a microphone that recorded audio on his uniform. Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies the remaining allegations therein.

62.     Answering the allegations contained in Paragraph 85 of the Complaint, Answering Defendant admits that his patrol car was equipped with a camera.  Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies the remaining allegations therein.

63.     Answering Defendant denies the allegations contained in Paragraphs 86 and 87 of the Complaint.

64.     Answering Defendant admit the allegations contained in Paragraph 88 of the Complaint.

65.     Answering Defendant denies the allegations contained in Paragraphs 89 and 90 of the Complaint.

66.     Answering the allegations contained in Paragraph 91 of the Complaint, Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

67.     Answering the allegations contained in Paragraph 92 of the Complaint, Answering Defendant admits that officers were yelling to the plaintiff to come outside.  Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

68.     Answering Defendant denies the allegations contained in Paragraph 93 of the Complaint.

69.     Answering the allegations contained in Paragraph 94 of the Complaint, Answering Defendant denies that his actions were unlawful. Answering Defendant alleges that he is without

1   sufficient information or belief to enable him to answer the remaining allegations of this paragraph

2   and, basing his denial on that ground, denies those allegations therein.

3       70.    Answering Defendant denies the allegations contained in Paragraphs 95 through and

4   inclusive of 98 of the Complaint.

5       71.    Answering the allegations contained in Paragraphs 99, 100 and 101 of the

6   Complaint, Answering Defendant alleges that he is without sufficient information or belief to

7   enable him to answer the allegations of these paragraphs and, basing his denial on that ground,

8   denies the allegations therein.

9       72.    Answering Defendant denies the allegations contained in Paragraphs 102 and 103 of

10  the Complaint.

11      73.    Answering the allegations contained in Paragraphs 104 through and inclusive of 108

12  of the Complaint, Answering Defendant alleges that he is without sufficient information or belief

13  to enable him to answer the allegations of these paragraphs and, basing his denial on that ground,

14  denies the allegations therein.

15      74.    Answering the allegations contained in Paragraphs 109 through and inclusive of 113

16  of the Complaint, Answering Defendant alleges that he is without sufficient information or belief

17  to enable him to answer the allegations of these paragraphs and, basing his denial on that ground,

18  denies the allegations therein.

19      75.    Answering Defendant denies the allegations contained in Paragraphs 114, 115 and

20  116 of the Complaint.

21      76.    Answering the allegations contained in Paragraph 117 of the Complaint, Answering

22  Defendant alleges that he is without sufficient information or belief to enable him to answer the

23  allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

24      77.    Answering Defendant denies the allegations contained in Paragraph 118 of the

25  Complaint.

26

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

78.     Answering the allegations contained in Paragraph 119 of the Complaint, Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

79.     Answering Defendant denies the allegations contained in Paragraphs 120 and 121 of the Complaint.

80.     Answering the allegations contained in Paragraph 122 of the Complaint, Answering Defendant admits that plaintiff's vehicle was towed, but denies that said tow was improper or without legal justification.  Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies those allegations therein.

81.     Answering the allegations contained in Paragraph 123 of the Complaint, Answering Defendant admits that he conducted a search of plaintiff incident to arrest. Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies the remaining allegations therein.

82.     Answering the allegations contained in Paragraph 124 of the Complaint, Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

83.     Answering the allegations contained in Paragraph 125 of the Complaint, Answering Defendant admits that plaintiff was transported to and booked in jail.  Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the remaining allegations of this paragraph and, basing his denial on that ground, denies the remaining allegations therein.

84.     Answering the allegations contained in Paragraph 126 of the Complaint, Answering Defendant admits that he did not conduct a Field Sobriety Test and that plaintiff was booked in jail

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1   for DUI/Driving Under the Influence and driving on a suspended license. Answering Defendant

2   denies the remaining allegations in this paragraph.

3       85.   Answering the allegations contained in Paragraph 127 of the Complaint, Answering

4   Defendant alleges that he is without sufficient information or belief to enable him to answer the

5   allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

6       86.   Answering the allegations contained in Paragraph 128 of the Complaint, Answering

7   Defendant denies the allegation that he provided misinformation and/or failed to provide truthful,

8   accurate and complete information within his police report.  Answering Defendant alleges that he

9   is without sufficient information or belief to enable him to answer the allegations of subparagraphs

10   (a)-(c) and, basing his denial on that ground, denies the allegations therein.  Answering

11   subparagraph (d), Defendant admits that he was subpoenaed to testify and did testify at a court

12   hearing on November 16, 2018.   Answering Defendant alleges that he is without sufficient

13   information or belief to enable him to answer the remaining allegations of this subparagraph and,

14   basing his denial on that ground, denies the allegations therein.  Answering subparagraph (e),

15   Answering Defendant alleges that he is without sufficient information or belief to enable him to

16   answer the allegations of this subparagraph and, basing his denial on that ground, denies the

17   allegations therein.

18       87.   Answering the allegations contained in Paragraph 129 of the Complaint, Answering

19   Defendant alleges that he is without sufficient information or belief to enable him to answer the

20   allegations of this paragraph and, basing his denial on that ground, denies the allegations therein.

21       88.   Answering Defendant denies the allegations contained in Paragraphs 130 through

22   and inclusive of 137 of the Complaint.

23       89.   Answering the allegations contained in Paragraphs 138 and 139 of the Complaint,

24   Answering Defendant alleges that he is without sufficient information or belief to enable him to

25   answer the allegations of this paragraph and, basing his denial on that ground, denies the

26   allegations therein.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

90.     Answering Defendant denies the allegations contained in Paragraphs 140 through and inclusive of 151 of the Complaint.

### DAMAGES

91.     Answering Defendant denies the allegations contained in Paragraphs 152 through and inclusive of 158 of the Complaint.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### (Violation of Civil Rights – 42 U.S.C. §1983)

### (Against Defendants CONDE, BENITEZ, DESTAFANO, HUBBARD, JOHNSON, JONSEN and Does 1 thru 70, inclusive)

92.     Answering Paragraph 159 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 158 as though fully set forth herein.

93.     Answering Defendants deny the allegations contained in Paragraphs 160 through and inclusive of 174 of the Complaint.

94.     Answering Paragraph 175 of the Complaint, regarding numbered parts (1)-(5):

(1) Answering Defendant admits that officers arrested plaintiff but denies that he initiated criminal proceedings against plaintiff. (2) Answering Defendant denies this allegation. (3) Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of this part and, basing his denial on that ground, denies the allegations therein. (4) Answering Defendant denies this allegation. (5) Answering Defendant denies this allegation.

95.     Answering Paragraph 176 of the Complaint, Answering Defendant admits that plaintiff, as an arrestee, had the rights and privileges of the Fourth Amendment.  Answering Defendant denies the remaining allegations of this paragraph.

96.     Answering defendant denies the allegations contained in Paragraphs 177 through and inclusive of 189 of the Complaint.

### SECOND CAUSE OF ACTION
**(Violation of Civil Rights – 42 U.S.C. §1983 – *Monell* Liability)**
**(Against Defendants City of Palo Alto and City of Palo Alto Police Department, Chief Jonsen and DOES 1-70, inclusive)**

97.     Answering Paragraph 190 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 189 as though fully set forth herein.

98.     Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of Paragraphs 191, 192, 195, 196, 197, 199, 200, and 201 of the Complaint and basing his denial on that ground, denies the allegations contained therein.

99.     Answering Defendant denies the allegations contained in Paragraphs 193, 194, 198, 202, 203, 204 and 205 of the Complaint.

### THIRD CAUSE OF ACTION
**(First Amendment – Free Speech, 42 U.S.C. §1983)**
**(Plaintiff Against Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1-70, inclusive)**

100.     Answering Paragraph 206 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 205 as though fully set forth herein.

101.     Answering Defendant denies the allegations contained in Paragraphs 207 through and inclusive of 213 of the Complaint.

/ / /

/ / /

/ / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE: (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**FOURTH CAUSE OF ACTION**
**(First Amendment and Fourteenth Amendment, 42 U.S.C. §1983 - *Monell* Liability)**
**(Against Defendants City of Palo Alto, City of Palo Alto Police Department, Chief Jonsen and DOES 1 thru 70, inclusive)**

102.    Answering Paragraph 214 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 213 as though fully set forth herein.

103.    Answering Defendant denies the allegations contained in Paragraphs 215 through and inclusive of 231 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(State Created Danger – 42 U.S.C. §1983)**
**(Plaintiff Against Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON, and DOES 1-70, inclusive)**

104.    Answering Paragraph 232 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 231 as though fully set forth herein.

105.    Answering Defendant denies the allegations contained in Paragraphs 233 through and inclusive of 241 of the Complaint.

**SIXTH CAUSE OF ACTION**
**(Conspiracy to Violate Civil Rights, 42 U.S.C. §1985)**
**(Against Defendants CONDE, BENITEZ, DESTEFANO, HUBBARD, JOHNSON and DOES 1-70, inclusive)**

106.    Answering Paragraph 242 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 241 as though fully set forth herein.

107.    Answering Defendant denies the allegations contained in Paragraphs 243 through and inclusive of 250 of the Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

### SEVENTH CAUSE OF ACTION
### (Supervisor Liability, 42 U.S.C. §1983)
### (Against Defendants BENITEZ and DOES 1 thru 70, inclusive)

108.    Answering Paragraph 251 of the Complaint, Answering Defendants re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 250 as though fully set forth herein.

109.    Answering Defendant denies the allegations contained in Paragraphs 252 through and inclusive of 262 of the Complaint.

### EIGHTH CAUSE OF ACTION
### (Bane Act ,California Civil Code §57.1)
### (Against All Defendants)

110.    Answering Paragraph 263 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 262 as though fully set forth herein.

111.    Answering Defendant denies the allegations contained in Paragraphs 264 through and inclusive of 268 of the Complaint.

### NINTH CAUSE OF ACTION
### (Ralph Act ,California Civil Code §52.1)
### (Against All Defendants)

112.    Answering Paragraph 269 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 268 as though fully set forth herein.

113.    Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of Paragraphs 270 and 271 of the Complaint and basing his denial on that ground, denies the allegations contained therein.

114.    Answering Defendant denies the allegations contained in Paragraphs 272 through and inclusive of 280 of the Complaint.

---

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

## TENTH CAUSE OF ACTION
### (ASSAULT)
### (Against All Defendants)

115.    Answering Paragraph 281 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 280 as though fully set forth herein.

116.    Answering Defendant denies the allegations contained in Paragraphs 282 through and inclusive of 286 of the Complaint.

## ELEVENTH CAUSE OF ACTION
### (BATTERY)
### (Against All Defendants)

117.    Answering Paragraph 287 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 286 as though fully set forth herein.

118.    Answering Defendant denies the allegations contained in Paragraphs 288 through and inclusive of 295 of the Complaint.

## TWELFTH CAUSE OF ACTION
### (CONVERSION)
### (Against All Defendants)

119.    Answering Paragraph 296 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 295 as though fully set forth herein.

120.    Answering Defendant denies the allegations contained in Paragraphs 297 through and inclusive of 303 of the Complaint.

/ / /

/ / /

/ / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**THIRTEENTH CAUSE OF ACTION**
**(TRESPASS)**
**(Against All Defendants)**

121.    Answering Paragraph 304 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 303 as though fully set forth herein.

122.    Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of Paragraphs 306 and 308 of the Complaint and basing his denial on that ground, denies the allegations contained therein.

123.    Answering Defendant denies the allegations contained in Paragraphs 305, 307, 309 through and inclusive of 314 of the Complaint.

**FOURTEENTH CAUSE OF ACTION**
**(TRESPASS TO CHATTELS)**
**(Against All Defendants)**

124.    Answering Paragraph 315 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 314 as though fully set forth herein.

125.    Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of Paragraph 317 of the Complaint and basing his denial on that ground, denies the allegations contained therein.

126.    Answering Defendant denies the allegations contained in Paragraphs 316, 318 through and inclusive of 324 of the Complaint.

/ / /

/ / /

/ / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

## FIFTEENTH CAUSE OF ACTION
### (CIVIL CONSPIRACY)
### (Against All Defendants)

127.    Answering Paragraph 325 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 324 as though fully set forth herein.

128.    Answering Defendant denies the allegations contained in Paragraphs 326 through and inclusive of 333 of the Complaint.

## SIXTEENTH CAUSE OF ACTION
### (NEGLIGENCE)
### (Against All Defendants)

129.    Answering Paragraph 334 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 333 as though fully set forth herein.

130.    Answering Defendant alleges that he is without sufficient information or belief to enable him to answer the allegations of Paragraphs 335, 336, 337 and 338 of the Complaint and basing his denial on that ground, denies the allegations contained therein.

131.    Answering Defendant denies the allegations contained in Paragraphs 339 through and inclusive of 344 of the Complaint.

## SEVENTEENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### (Against All Defendants)

132.    Answering Paragraph 345 of the Complaint, Answering Defendant re-alleges and incorporates by reference herein his answers to Paragraphs 1 through 344 as though fully set forth herein.

133.    Answering Defendant denies the allegations contained in Paragraphs 346 through and inclusive of 353 of the Complaint.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE: (650) 365-7715

## FIRST AFFIRMATIVE DEFENSE

Answering Defendant alleges that the Complaint fails to state a cause of action against this Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

Answering Defendant denies any wrongdoing, negligence or liability on his part but, should it be determined that answering Defendant is liable to Plaintiff, then Answering Defendant alleges that Plaintiff was also legally at fault, and possibly others as well, and thus any recovery that might otherwise be rendered against Answering Defendants must be reduced by that percentage which reflects the comparative fault of others.

## THIRD AFFIRMATIVE DEFENSE

Answering Defendant alleges that Plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which Plaintiff assumed the risk proximately contributed to and proximately caused his injuries, if any.

## FOURTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that his acts were necessary and privileged.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that at all times relevant herein, Answering Defendant acted without malice and with reasonable suspicion and/or probable cause.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that each of the acts alleged to have been committed by him were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within his legal responsibility and discretion.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that the acts complained of occurred within the scope of Answering Defendant's official duties and he had no knowledge that said acts were illegal and/or

unconstitutional, nor were said acts clearly violative of the Plaintiff's rights at the time they were committed.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that Plaintiff was guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the Complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the incident and to the injuries, loss and damages complained of, and Plaintiff's willful and gross behavior either bars or reduces any potential recovery.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that Plaintiff, by his own conduct, induced and intentionally caused and brought about the conduct of which Plaintiff complains, and the injuries, loss and damages complained of, and Plaintiff's intentional conduct either bars or reduces any potential recovery.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that Plaintiff consented to the acts complained of in the Complaint and that said consent was both express and implied.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants alleges that Plaintiff herein was under a duty pursuant to Penal Code §§ 69 and 148 to refrain from willfully resisting, delaying or obstructing a police officer; that Plaintiff breached this duty even though Plaintiff knew, or with the exercise of reasonable care should have known, that he was resisting, delaying or obstructing a police officer; and that as a direct and proximate result of Plaintiff's breach of this duty, Plaintiff is barred from recovering any loss or damage Plaintiff may have incurred, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that he acted with such force as was necessary and reasonable in the protection of his own body and person.

---

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2    Answering Defendant alleges that only such force as was necessary and authorized by

3 California Penal Code §§ 835, 835a, 839 and 843 was used in effecting the detention of Plaintiff.

4

### FOURTEENTH AFFIRMATIVE DEFENSE

5    Answering Defendant alleges that no more force was used on Plaintiff's person than was

6 necessary to overcome his resistance, prevent escape, prevent injury to the officers and to facilitate

7 and safeguard a valid police investigation.

8

### FIFTEENTH AFFIRMATIVE DEFENSE

9    Answering Defendant alleges that each and every cause of action alleged against him in

10 the Complaint is barred by qualified immunity.

11

### SIXTEENTH AFFIRMATIVE DEFENSE

12    Answering Defendant alleges that the Complaint is barred by the relevant portions of the

13 California Government Code, including, but not limited to, §§ 815, 815.2, 818, 818.2, 818.8, 820,

14 820.2, 820.4, 820.6, 820.8, 821, 821.6, 821.8, 822.2, 844.6, 845.4, 845.6, 845.8(b) (3), and 846.

15

### SEVENTEENTH AFFIRMATIVE DEFENSE

16    Answering Defendant contends that Plaintiff's cause of action is barred by virtue of the

17 doctrine of unclean hands.

18

### EIGHTEENTH AFFIRMATIVE DEFENSE

19    Answering Defendant alleges that Plaintiff has failed to mitigate the alleged damages, if

20 any, which he claims to have sustained, and his recovery, if any, should be barred or diminished

21 accordingly.

22

### NINETEENTH AFFIRMATIVE DEFENSE

23    Answering Defendant alleges that that Plaintiff's cause of action is barred by virtue of

24 Plaintiff's failure to comply with California Government Code §§900 et seq. and particularly,

25 Government Code §§ 905, 910, 911.2, 911.4, 945.6, and 946.6.

26

1

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE: (650) 365-7715

### TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendant alleges that each and every cause of action is barred by virtue of Plaintiff's failure to comply with the requirements of California Code of Civil Procedure §§ 335, et seq., including, but not limited to §§ 335.1, 340 and 342.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant alleges that any claim for punitive or exemplary damages is limited by the United States Constitution including the First, Fifth, Eighth and Fourteenth Amendments, and by the California Constitution, including Article I, and that, therefore, California Civil Code Section 3294 must be limited, if applied at all in this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant contends that Plaintiff's action is frivolous, unreasonable and without foundation and that Answering Defendant is therefore entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Code of Civil Procedure §§ 1021.7 and 1038.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendant alleges that this Complaint is barred by the relevant portions of the California Penal Code, including, but not limited to, §§ 148, 243 and 485, California Vehicle Code §§14601.2(a) and 23152, and California Health and Safety Code §§11364(a) and 11550

WHEREFORE, this Answering Defendant prays that Plaintiff take nothing by his Complaint, for costs of suit herein, and for such other and further relief as to the Court may seem reasonable and proper.

Date:  July 30, 2019

HOWARD ROME MARTIN & RIDLEY LLP


By:  /s/ Todd H. Master
       Todd H. Master
       Attorneys for Defendant
       PALO ALTO POLICE OFFICER
       CHRISTOPHER CONDE

/ / /

/ / /

1

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE: (650) 365-7715

## NOTICE OF INTENT TO SEEK ATTORNEYS' FEES

2   TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that Answering Defendant contends that Plaintiff's Complaint

4   was not filed nor maintained in good faith or with reasonable cause and that Answering Defendant

5   is entitled to and intend to seek reasonable attorneys' fees from the Plaintiff and from Plaintiff's

6   attorneys of record, pursuant to Title 42 U.S.C. §1988 and Code of Civil Procedure §§ 1021.7 and

7   1038.

8   Date:  July 30, 2019                    HOWARD ROME MARTIN & RIDLEY LLP

9

10                                          By:  /s/ Todd H. Master
                                                 Todd H. Master
11                                               Attorneys for Defendant
                                                 PALO ALTO POLICE OFFICER
12                                               CHRISTOPHER CONDE

13                                    **JURY DEMAND**

14          This Answering Defendant hereby demands a trial by jury in this action.

15  Date:  July 30,2019                     HOWARD ROME MARTIN & RIDLEY LLP

16

17                                          By:  /s/ Todd H. Master
                                                 Todd H. Master
18                                               Attorneys for Defendant
                                                 PALO ALTO POLICE OFFICER
19                                               CHRISTOPHER CONDE

20

21

22

23

24

25

26